Johannes G. BUINING

v.

THE TRANSPORTER, her Boilers, Engines, Tackles, etc.,

Sea Freighters, Inc., a body corporate,

THE OCEAN CHIEF, her Boilers, Engines, Tackles, etc.

and

Hanover Steamship Company, a body corporate.

No. 4001.

United States District Court
D. Maryland.
March 5, 1959.

John J. O'Connor, Jr., Baltimore, Md., for libelant.

Robert H. Williams, Jr., Baltimore, Md., for S.S. Ocean Chief and Hanover Steamship Co., respondents.

THOMSEN, Chief Judge.

Libelant has served an elaborate set of interrogatories on respondents S.S. Ocean Chief and Hanover Steamship Company, her owner, and Hanover, as respondent and as claimant of the Ocean Chief, has filed objections and exceptions thereto.

The second amended libel alleges that libelant was a seaman on the S. S. Transporter; that on March 12, 1958, that vessel was moored at a dock in the Port of Baltimore with the Ocean Chief moored along her outboard side; that the Transporter had drifted away from the pier; that libelant boarded the Ocean Chief to obtain additional seamen to assist in heaving the Transporter alongside the pier, and was injured by reason of an unsafe gangway and rail ladder on the

Ocean Chief. Libelant contends that his injuries were caused by various negligent acts and omissions of the several respondents and by the unseaworthiness of the Ocean Chief.

As a guide for future cases, rulings on the propriety of the several interrogatories are set out in detail. I am authorized to say that Judge Watkins concurs in these rulings.

### Interrogatories and Rulings

■ "1. What are the names, addresses, 'Z' numbers, port numbers, ratings or job classifications, telephone numbers and present whereabouts of all witnesses known to Respondents who saw or claim they saw all or any part of the casualty mentioned in the complaint."

Objection overruled. Names and addresses to be given. Other information to be given so far as known by this respondent or its attorneys.

"2. What are the names, addresses, 'Z' numbers, port numbers, ratings or job classifications, telephone numbers and present whereabouts of all witnesses known to Respondents who arrived or claim they arrived at the scene of the casualty immediately or shortly after its happening?"

Same ruling as No. 1.

■ "3. What are the names, addresses, 'Z' numbers, port numbers, ratings or job classifications, telephone numbers, and present whereabouts of all witnesses Respondents intend to have testify in their behalf in this case, whether in person or by deposition?"

Objection sustained.

■ "4. Are any of the persons named in response to the foregoing interrogatories known by Respondents? If this interrogatory is answered in the affirmative:

"a. State the course, nature and extent of such acquaintanceship.

"b. Designate which of said persons are employees and former employees and give the lengths and dates of their service."

Objection sustained as to "a".

Objection sustained as to "b" in view of the ruling on No. 5.

■ "5. What are the names, permanent mailing addresses, 'Z' numbers, ratings or job classifications, and present whereabouts of those who were members of the crew or the SS Ocean Chief at the time of the happening of the casualty complained of herein?

"a. Of which country were the men mentioned above citizens?"

Same ruling as No. 1.

■ "6. What is the name, permanent mailing address, 'Z' number, rating and present whereabouts of the member of the crew of the SS Ocean Chief who was responsible for the stowage, care and maintenance of the gangway and rail ladder involved in these proceedings immediately prior to and at the time of the happening of the casualty complained of herein?"

Objection overruled. Present whereabouts to be given so far as known by this respondent or its attorneys.

■ "7. What is the name, permanent mailing address, 'Z' number, rating and present whereabouts of the member of the crew of the SS Ocean Chief who rigged the gangway and rail ladder involved in this casualty?"

Same ruling as No. 6.

■ "8. What are the names, addresses, 'Z' numbers, port numbers, ratings or job classifications and telephone numbers of all persons who saw or examined the gangway and rail ladder involved in these proceedings after the happening complained of herein?"

Objection sustained, without prejudice to the filing of a narrower interrogatory.

■ "9. What are the names, addresses, 'Z' numbers, port num-

bers, ratings or job classifications, telephone numbers, and present whereabouts of all agents, servants, employees, representatives, private investigators or others who investigated the casualty complained of in this case on behalf of the Respondents?"

Objection overruled, except for "work product" of attorneys.

"10. Were any investigation or other reports prepared, compiled, submitted or made by or on behalf of the Respondents in the regular course of business or in preparation for litigation, as a result of the casualty complained of in this case? If so:

"a. Enumerate and identify the same by date, subject matter, name, address, and title or capacity of the person or persons making or rendering same, and the person or persons to whom addressed and/or directed, the name, address, and present whereabouts of the person who has present custody thereof, and the purpose of such preparation."

Objection overruled with respect to reports made in ordinary course of business; present whereabouts to be given so far as known by this respondent or its attorneys; objection sustained with respect to reports made in preparation for or in defense of litigation, no good cause having been shown; libelant may make a proper request under Admiralty Rule 32, 28 U.S.C.A., but only upon showing of good cause.

"11. Were any statements, written or otherwise, obtained from anyone interviewed or questioned by or on behalf of Respondents in connection with the casualty complained of in this case? If so,

"a. List the names, addresses, telephone numbers, and present whereabouts of all persons giving such statements, the dates on which they were obtained, and the name, address, telephone number, present whereabouts and title or capacity of the person who has present custody thereof."

Objection sustained, with right to renew request for good cause shown.

"12. Were any entries concerning the casualty complained of in this action made in any of the logs or other record books of the SS Ocean Chief or of the Hanover Steamship Company? If so:

"a. Enumerate and identify the same by name, or title, date and the name, address, rating or job classification, and present whereabouts of the person who has present custody or control thereof."

Objection overruled.

"13. When, where and from whom were the gangway and rail ladder involved in these proceedings purchased?"

Objection overruled.

"14. Were the gangway and rail ladder involved in this casualty brand new ones or had they been used previously aboard the SS Ocean Chief or any other vessel?"

"a. If the gangway and rail ladder were not new, what was their approximate age and for how long had they been in use aboard the SS Ocean Chief or other vessels of the corporate Respondent?"

Objection overruled.

"15. Describe, in detail, the method the gangway and rail ladder involved in these proceedings were secured in place."

Objection overruled with the words "in detail" deleted.

"16. Describe, in detail, the physical appearance, characteristics, nature and condition of the gangway and rail ladder involved in these proceedings, immediately after the happening of the casualty complained of herein."

Objection sustained, with right to re-file a more specific interrogatory upon showing of good cause.

■ "17. What disposition was made of the gangway and rail ladder involved in these proceedings after the happening of the casualty complained of herein?"

Objection overruled.

■ "18. Submit a detailed, scaled diagram of the gangway and rail ladder involved in these proceedings, setting forth, among other things, their various dimensions, weight, materials and construction."

Objection sustained. Admiralty Rule 31 should not be invoked to require the production of documents. It is proper to inquire by interrogatory whether any such diagram exists. If this respondent has such a diagram or causes one to be made, it shall notify libelant and shall bring the diagram to the pretrial conference. This is a proper matter for mutual exchange of information between counsel before the pretrial conference.

■ "19. Submit a detailed, scaled diagram of the starboard side of the main deck of the SS Ocean Chief including but not limited to the following:

"a. The bitts located near the bulwark of said deck.

"b. The height of the bulwark of said deck.

"c. The 'rail ladder' and its location on said deck.

"d. The 'clear space' of said deck from the deck house outboard to the bulwark."

Same ruling as No. 18.

■ "20. Subsequent to the happening of the casualty complained of in this action, were any photographs taken of the deck areas of the SS Ocean Chief immediately adjacent to where the gangway and rail ladder were rigged? If so:

"a. How many pictures were taken, on what dates were they taken and what views or scenes do they depict?

"b. What is the name, address, title and present whereabouts of the person who has custody or control thereof?

"c. Will the Respondents permit the Libellant in person or through authorized representative, to inspect said photographs?

"d. Will the Respondents furnish copies of designated pictures at the Libellant's expense?"

Objection overruled. "c" and "d" are proper matters for mutual exchange of information between counsel.

■ "21. Describe in detail the nature and extent of all inspections made on the gangway and rail ladder involved in this casualty during fabrication and upon final completion."

Objection sustained, without prejudice to libelant filing a narrower interrogatory.

"22. Describe the nature and extent of all tests made on the gangway and rail ladder involved in this casualty during fabrication and upon final completion."

Same ruling as No. 21.

"23. How long did each such inspection or test last, and by whom were they made?"

Objection sustained, in view of ruling in No. 22.

■ "24. What is the name, permanent mailing address, telephone number, rating and present whereabouts of the person who inspected the gangway and rail ladder involved in this casualty at the time they were rigged?

"a. What was the nature and extent of the inspection conducted at this time and what did such inspection disclose?"

Objection overruled as to No. 24; sustained as to No. 24a unless and until good cause is shown.

█ "25. · Subsequent to the happening of the casualty complained of in this action, was the gangway and rail ladder involved in this casualty examined or inspected by the Respondents? If so:

"a. Give the names, permanent and present mailing addresses, 'Z' numbers, titles and ratings or job classifications of the persons making such examinations.

"b. Give the date, time and place when and where such examinations were made.

"c. Describe in detail the nature and extent of such examinations.

"d. Identify all reports, statements, memoranda, communications, prepared, dispatched, or received as a result thereof by subject matter, present locations and the name, address, title or job classification of the person who has custody or control thereof."

Objection overruled with respect to examinations made in the ordinary course of business; present whereabouts to be given so far as is known by this respondent or its attorneys; objection sustained with respect to examinations made in preparation for or in defense of litigation, no good cause having been shown.

█ "26. Prior to the happening of the casualty complained of in this action, what are the date or dates on which the gangway and rail ladder involved in these proceedings were last

"a. inspected?

"b. repaired?

"c. overhauled?"

Objection overruled.

█ "27. Where, on the SS Ocean Chief, was the gangway and rail ladder involved in this casualty stowed before it was used on the day of the casualty?"

Objection overruled.

█ "28. What are the facts of the Respondents' own versions and accounts of how the casualty occurred?"

Objection sustained. Respondent can be required to answer interrogatories as to its position on specific points.

█ "29. Does or will Respondents say, or do they know of any other person who will say that the Libellant did any act or omitted to perform any act which caused or contributed to the happening of the casualty herein complained of? If the answer to this Interrogatory is in the affirmative:

"a. State each such act, or each such failure to act on the part of the Libellant, which caused or contributed to the happening of the casualty.

"b. Give the name, address, home telephone number, place of employment, job title or capacity, and present whereabouts of each person having knowledge or claiming to have knowledge of such act or omission."

Objection sustained, with leave to file a new interrogatory similar to those approved in May v. Baltimore & O. R. Co., D.C.Md., 17 F.R.D. 288, and Bell v. Novick Transfer Co., D.C.Md., 17 F.R.D. 279.

█ "30. Do Respondents have any evidence or information that the injuries and damages, alleged to have been suffered by the Libellant as a result of the casualty herein complained of, were caused by any prior or subsequent injury, disease, sickness, or other condition? If so:

"a. Specify the nature and extent of such information."

Objection sustained, as drawn, but respondent will be required to state

whether it contends that any of libelant's alleged disability is due to any prior or subsequent injury or disease about which information has been given to this respondent, its attorneys or its examining physicians, by libelant or by libelant's attorneys.

 "31. Have the Respondents obtained a written report from any expert they propose to call as a witness? If so:

"a. Give the name, address, telephone number, profession or specialty, and office or work address of said expert.

"b. Attach a copy of said expert's written report to the Answers to these Interrogatories."

Objection sustained. May be discussed at pretrial or other preliminary conference, on basis of exchange of information. In accordance with the general practice in this State and District, such matters should be discussed between counsel before the pretrial conference.

"32. Have the Respondents consulted or obtained a written report from an expert they do not propose to call as a witness? If so:

"a. Give the name, address, telephone number, profession or specialty, and office or work address of said expert."

Objection sustained.

"33. Was any medical examination or treatment given to the Libellant by or at the request of the Respondents? If the answer to this Interrogatory is in the affirmative:

"a. Give the name, address and office telephone of each such physician.

"b. Attach a copy of said physician's report to the answers to these interrogatories."

Objection overruled except as to "b", which may be renewed at pretrial on basis of exchange of information, or prior thereto under Admiralty Rule 32 for good cause shown.

"34. Describe, in detail, the physical appearance and condition of Libellant immediately after the injury was sustained."

Objection sustained.

"35. On what date was the SS Ocean Chief taken out of navigation?"

Objection sustained.

"36. List the date or dates on which the weather decks of the SS Ocean Chief were painted or oiled, indicating which operation was performed and which part of the deck was worked on each such day for the three-day period immediately prior to the happening of the casualty complained of herein."

Objection overruled.