Alfred S. **STONE**

v.

**MARINE TRANSPORT LINES, INC.,**
and
**Huey H. Plyler.**
**Civ. No. 10290.**

United States District Court
D. Maryland.

March 5, 1959.

John J. O'Connor, Jr., Baltimore, Md., for plaintiff.

Robert H. Williams, Jr., Baltimore, Md., for defendant Marine Transport Lines, Inc.

**THOMSEN, Chief Judge.**

■ In this civil action plaintiff has served a too-elaborate set of interrogatories on defendant Marine Transport Lines, Inc., and that defendant has filed too-general objections and exceptions thereto. Consequently neither side will be allowed costs against the other.

The complaint alleges that plaintiff was, without cause or provocation, physically assaulted and injured by defendant Huey P. Plyler, a fellow crew member, and contends that his injuries were caused by various negligent acts and omissions of the corporate defendant in hiring and retaining a crewman whose vicious tendencies were known to its officers, agents and employees, in failing to warn plaintiff thereof and in failing to take proper precautions to prevent injuries to him, and by the unseaworthiness of the vessel due to such causes.

As a guide for future cases, rulings on the propriety of the several interrogatories are set out in detail. I am authorized to say that Judge Watkins concurs in these rulings. Rulings similar to those made in Buining v. The Transporter, D.C., 171 F.Supp. 127, are not being published, the omissions being indicated by asterisks.

Interrogatories and Rulings

\* \* \* \* \* \*

■ "3. What are the names, addresses, 'Z' numbers, port numbers, ratings or job classifications, telephone numbers and present whereabouts of all persons having knowledge of relevant information, facts, or circumstances in this case, known to Defendant?"

Objection overruled. Answer need not repeat names given in answers to Nos. 1 and 2. Present whereabouts to be given so far as known.

\* \* \* \* \* \*

■ "6. What are the names, permanent mailing addresses, 'Z' numbers, ratings or job classifications, ship watches and present whereabouts of the members of the crew of the USNS Tonti for the voyage involved in this action?

"a. Of which country were the men mentioned above citizens?

"b. When did the men mentioned above join the USNS Tonti as a member of the crew?"

Objection overruled, except as to ship watches. Plaintiff may demand under Rule 34, F.R.Civ.P., 28 U.S.C.A., to examine any records of defendant showing ship watches.

■ "7. When and where did the USNS Tonti sign on and pay off for the voyage in which she was engaged when Plaintiff was injured, and what was the length and terms of the articles?"

Objection overruled as to plaintiff and defendant Plyler; sustained as to others.

\* \* \* \* \* \*

■ "17. State the complete medical history of Plaintiff of which Defendant has knowledge or information, listing in detail

"a. The nature and extent of all substantial injuries, disabilities, infirmities, illnesses, etc.

"b. The nature and extent of the examinations and treatments given for the various disorders.

"c. The periods of hospitalization and/or incapacitation.

"d. The names, addresses, titles and telephone numbers of all persons, and the names, addresses of all hospitals, clinics or similar institutions where examinations were conducted and treatments rendered, together with the dates thereof.

"e. From which of the above persons or institutions, medical or hospital reports, records, clinical abstracts, narrative summaries, statements, resumes, etc. have been received, and the dates thereof?

"f. Attach authenticated copies of all medical and/or hospital documents mentioned immediately above."

Objection sustained, so far as other injuries are concerned. Ordinarily a party need not divulge facts necessarily known to his opponent where the only purpose of the interrogatory is to prevent effective cross-examination. Objection overruled as to treatment for the injury involved in this suit, except as to "f". As to "f", request may be made under Rule 34, F.R.Civ.P., upon showing of good cause or at pretrial on basis of exchange of information. Under the practice in this State and District, such reports are frequently exchanged between counsel before the pretrial conference.

■ "18. State the names, addresses, 'Z' numbers, ratings or job classifications, telephone numbers and present whereabouts of all persons who engaged in or were reported to have engaged in fights with or were struck by Huey H. Plyler while he was a member of the crew of the USNS Tonti or while in the employ of the Marine Transport Lines, Inc., or any other shipping company, prior to the casualty complained of herein."

Objection overruled; but defendant need furnish only information which it had prior to the casualty complained of in this suit.

■ "19. Has any suit been brought or claim filed against the Defendant by anyone else as a result of injuries or damages arising out of a fight with Huey H. Plyler, occurring prior to the casualty complained of herein?

"a. If so, state the names, addresses, 'Z' numbers, ratings or job classifications, telephone numbers and present whereabouts of all persons filing such suits or asserting such claims, together with the complete docket reference and dispositions of the actions."

Objection overruled, but only names of parties and court need be supplied.

\* \* \* \* \* \*

■ "24. Outline the nature and extent of all reports which reached the Defendant concerning the pugnaciousness of Huey H. Plyler before he was first hired or while he was serving as a member of the crew of the USNS Tonti, and identify the source thereof."

Objection sustained, without prejudice to plaintiff filing a more specific interrogatory upon showing good cause.

■ "25. Give the names, addresses, 'Z' numbers, ratings or job classifications, telephone numbers and present whereabouts of all members of the crew who were hospitalized either in the ship's hospital or

ashore while Huey H. Plyler was a member of the crew of the USNS Tonti."

Objection sustained, without prejudice to plaintiff filing a narrower interrogatory upon showing good cause.

■ "26. When and where did Huey H. Plyler first join the USNS Tonti and over what period of time did he serve aboard her, and in which capacities?

Objection overruled.

■ "27. When and where was Huey H. Plyler paid off the USNS Tonti subsequent to the happening of the casualty complained of herein, and what was the reason for the discharge in the foreign port?"

Objection overruled, "reason" to mean "stated reason, if any".

■ "28. Did the crew, subsequent to the happening of the casualty herein complained of, consider at one of its meetings the incidents which form the subject matter of this action? If so:

"a. What, if any, action with respect to either Huey H. Plyler or Alfred S. Stone was taken at this meeting?"

Objection sustained.

■ "29. What are the names, addresses, 'Z' numbers, ratings or job classifications, telephone numbers and present whereabouts of all members of the crew who stood guard duty at the ship's hospital during the time the Plaintiff was a patient therein?"

Objection overruled.

■ "30. What, if any, medical attention was rendered to Plaintiff and by whom, during the period he was a patient in the ship's hospital?"

Objection overruled.

"31. Where, if at all, was Plaintiff put ashore for medical treatment after the happening of the casualty herein complained of?"

Objection overruled.

"32. Was a hospital slip, or other similar document, issued to Plaintiff at the time he was put ashore in the port mentioned in answer to the foregoing Interrogatory? If so,

"a. Attach a photostatic copy thereof to the Answers to these Interrogatories."

Objection overruled.

*a.* If defendant or its attorney has a copy, he shall bring it with him to the pretrial conference.

■ "33. Was a hospital or medical report of any type received from the hospital, clinic or physician by whom Plaintiff was examined and treated while in the port mentioned in the Answer to Interrogatory No. 30? If so:

"a. Attach a photostatic copy thereof to the Answers to these Interrogatories."

Objection overruled.

*a.* If defendant or its attorney has a copy, he shall bring it with him to the pretrial conference.

■ "34. What was the amount of the maintenance and cure paid Plaintiff following the happening of the casualty herein complained of?

"a. What period of time did these payments cover?

"b. What was the reason for the stoppage of the payment of maintenance and cure?"

Objection overruled.

■ "35. Did the Master of the USNS Tonti submit a written report of the injuries sustained by Plaintiff to the United States Coast Guard and to Defendant? If so:

"a. Identify the same by date, subject matter, name, address and title or capacity of the person or persons to whom addressed and/or di-

rected, the name, address, and present whereabouts of the person who has present custody thereof.

"b. Attach a photostatic or carbon copy thereof to the Answers to these Interrogatories."

Objection overruled.

*a.* Objection overruled.

*b.* If defendant or his attorney has copy, he shall bring it with him to the pretrial conference.

 "36. Was the Plaintiff examined physically by or on behalf of the Defendant before being permitted to sign articles to serve aboard the USNS Tonti for the voyage during which the casualty complained of herein occurred? If so:

"a. Give the name, address of the Doctor conducting such examination.

"b. Attach a photostatic copy of the written report, or a digest of the verbal report, submitted as a result of such examination."

Objection overruled.

*a.* Objection overruled.

*b.* If defendant or his attorney has copy, he shall bring it with him to pretrial conference.

"37. What seaman's documents, including all certificates and licenses, were carried by Huey H. Plyler at the time of the happening of the casualty herein complained of?

"a. Had any of the seaman's papers of Huey H. Plyler been suspended or revoked at any time? If so,

"b. When, where, by whom, for how long and for what reason was such action taken?"

Objection overruled.

*a.* Limited to knowledge of defendant prior to incident complained of.

*b.* Limited to knowledge of defendant prior to incident complained of.