Terrance D. KNIGHTON

v.

v.

**ATLANTIC & GULF STEVEDORES, INC., Third-Party Defendant.**

Civ. No. 14060.

United States District Court
D. Maryland.

Dec. 21, 1965.

Jerome Blum, Baltimore, Md., for plaintiff.

Southgate L. Morison and Manfred W. Leckszas, Baltimore, Md., for defendant and third-party plaintiff.

Herbert F. Murray, Baltimore, Md., for third-party defendant.

THOMSEN, Chief Judge.

This is an action by a longshoreman against a shipowner for injuries

sustained when the longshoreman was struck by a draft while on the vessel. Negligence and unseaworthiness are charged. The shipowner brought in the stevedoring company as a third-party defendant. Plaintiff has answered various interrogatories submitted to him and has, in turn, submitted interrogatories to the shipowner. Some of the latter have been answered but certain exceptions remain for decision.

> "5. If any of the persons named in response to the foregoing interrogatories are known by, related to, presently or previously employed by Defendant, set forth fully said relationship and extent thereof."

Objection overruled with respect to the persons presently or previously employed by defendant; otherwise the objection is sustained.[1]

> "9(a). If defendant has obtained a written report from any experts to be called as a witness, name said expert, identify his profession or specialty, and attach a copy of his report to the Answers to these Interrogatories."

■ In lieu of the ruling heretofore made by this Court on similar interrogatories in other cases, see, e. g., Buining v. The Transporter, 171 F.Supp. 127 (1959), and in amplification of Judge Winter's ruling in United States v. 23.76 Acres of Land, 32 F.R.D. 593 (1963), this Court will hereafter make rulings

based upon the following principles: A party, by means of interrogatories served under Rule 33, F.R.Civ.P., a reasonable time prior to trial, may require any other party (i) to identify each person whom the other party expects to call as an expert witness at trial, and (ii) to state the subject matter on which the expert will testify. The party who served the interrogatories may proceed by any appropriate method[2] to discover from the expert or the other party facts known or opinions held by the expert which are relevant to the stated subject matter and not privileged. It is so ordered in this case.

The phrase "expects to call" has been chosen rather than the term "may call", because the latter phrase is too broad; but the phrase "expects to call" will be interpreted broadly, to achieve the purpose of the ruling, which is to make available to each party a reasonable time before trial the facts, the opinions and the reasons for the opinions of the experts whom his opponent will call at the trial, so that a party may adequately prepare for cross-examination of his opponents' experts. While it is contemplated that a party will be entitled to obtain full disclosure of an expert's opinion and the facts and reasons upon which it is based, it is not contemplated that a party will be allowed, by deposition or otherwise, to conduct a preliminary cross-examination of his opponents' experts for the purpose of developing material to be

1. The first four interrogatories had asked inter alia for the names of all witnesses to the casualty, all persons who were on the scene or arrived at the scene within two hours after the casualty, all persons having knowledge of relevant information, facts or circumstances material to the issue of liability or damages, and of all persons who investigated the case for defendant.

In an introductory section, which goes beyond the requirements imposed by this Court, plaintiff had stated inter alia: "c) The term 'defendant', or any synonym thereof, is intended to and shall embrace and include, in addition to said De-

fendant, all agents, servants, employees, representatives, private investigators and others—including attorneys (except as to privileged matters)—who are in possession of or who may have obtained knowledge or information for or on behalf of the Defendant concerning the subject matter and issues of this action."

2. E.g., Rule 30, Depositions upon Oral Examination; Rule 31, Depositions of Witnesses upon Written Interrogatories; Rule 34, Discovery and Production of Documents and Things for Inspection, Copying, or Photographing; or any agreed procedure.

used for impeachment nor to obtain the opinion of his opponents' expert on other facts than those on which he shaped his opinion.

Orders for the protection of parties and experts may be issued under appropriate Rules, including orders requiring that the discovering party pay the expert a reasonable fee for the time spent in responding to discovery under Rule 30 or Rule 31.

■ The Court wishes to encourage the practice followed by many members of this Bar of exchanging the reports of doctors and other experts.

"9(b). What medical authority or authorities does the Defendant's experts contend will sustain his opinion as given in his reports."

Objection sustained.

"10. If Defendant has consulted or obtained a written report from an expert it does not propose to call as a witness, name said expert and identify his profession or specialty."

Objection sustained.

"13. Describe in detail the physical appearance and condition of Plaintiff immediately after the occurrence of the casualty complained of herein."

Objection sustained. Buining v. The Transporter, D.Md., 171 F.Supp. 127, at 136 (1959); Matricciani v. Grace Lines, D.Md., Northrop, J., Civil No. 14678 (1964). The answer called for by this interrogatory would have to be based upon an evaluation of the observations of all possible witnesses. An individual party may be asked what he himself observed.

"14. If Defendant has any evidence or information that the injuries, damages and disabilities alleged to have been suffered by Plaintiff as a result of the casualty complained of herein, were caused, aggravated or precipitated by any prior or subsequent injury, disease, sickness or other condition, specify the nature and extent of such information and give a concise statement of the facts upon which Defendant will rely to establish such causation, aggravation or precipitation."

■ Objection sustained, as drawn, but defendant will be required to state whether it contends that any of plaintiff's alleged disability is due to any prior or subsequent injury or disease about which information has been given to defendant, its attorneys or its examining physicians, by plaintiff or by plaintiff's attorney. Buining v. The Transporter, 171 F.Supp. at 135, 136.

"16. Name the members of the crew of the vessel at the time Plaintiff was injured and give their watches and their present whereabouts.

"(a) Of which country were they citizens?

"(b) When did each join the vessel as a member of the crew?"

■ Objection overruled, except as to ship watches. Plaintiff may demand under Rule 34, F.R.Civ.P., 28 U.S.C.A., to examine any records of defendant showing ship watches. Stone v. Marine Transport Lines, Inc., D.Md., 23 F.R.D. 222, at 225 (1959); Matricciani v. Grace Lines, Inc., supra.

"18. Name the members of the gang with which Plaintiff was working at the time of the casualty herein complained of, and identify the gang and side carriers."

"(a). Name the ship foreman and timekeeper."

■ Objection sustained. In such an action as this the information should ordinarily be obtained from the stevedoring company, the employer of plaintiff and the other longshoremen. Moreover, the answer of the shipowner to Interrogatories 1 and 2 indicates that it does not have the information.

"24. If any warning was given longshoremen working aboard the

vessel respecting the dangers to be encountered in handling or working around the object involved in these proceedings, specify the nature and extent of same."

Objection to a similar interrogatory was sustained in Matricciani v. Grace Lines, Inc., supra, because it "requires that defendant presuppose and admit the existence of 'dangers' on the ship". If the words "any danger" are substituted for the words "the dangers", the Court will require the shipowner to state whether it contends that any such warning was given and to state the name of any person known by it to have given such warning and the substance of any such warning, all without prejudice to the right of the shipowner to develop at the trial by cross-examination or otherwise facts with respect to any such warning not theretofore known by the shipowner.

"25. Designate which, if any, of the 'Safety and Health Regulations for Longshoring' promulgated by the U. S. Department of Labor were violated by the shipowner, custodian of ship or stevedore."

Objection sustained. Matricciani v. Grace Lines, Inc., supra.

"26. Designate which, if any, Coast Guard Regulations were violated by the shipowner or stevedore."

Objection sustained. Matricciani v. Grace Lines, Inc., supra.

Propounding interrogatories to which objections have been repeatedly sustained will be considered grounds for the imposition of sanctions, in the absence of special circumstances. So will objections to interrogatories previously ruled proper.

I am authorized to say that the other Judges of this Court concur in these rulings and warning.