**Edna M. HIKEL**

v.

**Doctor Ali J. ABOUSY.**

Civ. No. 16182.

United States District Court
D. Maryland.

Sept. 27, 1966.

Harry Goldman, Jr., Baltimore Md.,
for plaintiff.

Frederick J. Green, Jr., Baltimore,
Md., for defendant.

THOMSEN, Chief Judge.

At the pretrial conference in this case
two matters were argued and submitted
to the Court for ruling.

(1) Plaintiff served on defendant, inter alia, the following interrogatory:

"8. Does the Defendant have within his possession or control, or does he
have knowledge of any photographs,
still or motion pictures relevant to the
occurrence. (If the answer to this In-

terrogatory is in the affirmative, state whether they are still pictures or motion pictures, and the name and address of the person who has present possession of them.)"

Defendant replied as follows:

"8. The Defendant refuses to answer this improper Interrogatory which exceeds the limits of discovery by written Interrogatory except as to answer that the Defendant has knowledge that the Plaintiff has possession or control of photographs, plats or diagrams of the scene, or objects connected with said occurrence as stated in Plaintiff's Answers to Interrogatories."

Plaintiff had theretofore answered "yes" to the following interrogatory propounded by defendant:

"22. State whether you have within your possession or control photographs, plats or diagrams of the scene, or objects connected with said occurrence."

The Court orders counsel for each party to show to counsel for the other party any photographs, plats or diagrams of the scene of the accident or of either vehicle or other object involved in the accident which he expects to offer in evidence, and directs counsel to agree, if possible, upon the authenticity and competency of such material without the necessity of producing the photographer or draftsman.

Plaintiff does not contend that she or her counsel is entitled to see any motion pictures of her taken after the accident which defendant may have obtained, but seeks an answer to the question whether defendant, his agents or attorneys have any such motion pictures. Defendant objects to furnishing this information, and relies upon the reasons stated by Judge Prendergast in denying a similar request in Thorne v. Good Humor Ice Cream Company, Superior Court of Baltimore City, March 26, 1964, reported in the Daily Record, May 8, 1964. See note 1 below [1].

1. "It is apparent that the disputed interrogatories do not seek information as to the nature and extent of the infant plaintiff's injuries. She and her father should know far more about that subject than anyone else. Rather they are designed to discover how much defendant knows about her injuries. The real issue in the case involves the injuries, not defendant's knowledge of them.

"In earlier decisions obtaining information of a nature generally similar to that sought here has been denied on the ground that it was part of the work product of counsel. See Shields vs. Sobelman [D.C.], 64 F.Supp. 619, and Midland Steel Products Co. vs. Clark Equipment Co. [D.C.], 7 F.R.D. 132. This reasoning stems, of course, from the ancestor of discovery law in civil causes, Hickman vs. Taylor, 67 S.Ct. 385; 329 U.S. 495; 91 L.Ed. 451.

"Plaintiffs' counsel argues, however, that there exists good cause why the mere existence of motion pictures or photographs *of the plaintiff* should be revealed. It is suggested that this would be instrumental in effecting settlements of many personal injury suits and thus help clear already congested court dockets.

"The argument is not convincing. If the injuries are genuine, it is unlikely that plaintiffs would be concerned about pictures which confirm the claims presented. Indeed the parties could find themselves farther apart in settlement negotiations. On the other hand, if the injuries are simulated or exaggerated, as demonstrated by the pictures, then plaintiffs are less than candid with the court and have no cause to complain of surprise if defendants elect to disprove the case on trial instead of in the conference room.

"There undoubtedly is an occasional case in which the existence of motion pictures or even of photographs of a party who is exaggerating his injuries will be productive of a prompt settlement, especially if the case is otherwise meritorious. In the event of outright fraud, this could result in the dismissal of the suit. However, it should not be necessary for the opposition to be required to expose such a party's case merely to avoid embarrassment.

"Defendant suggests that the reason plaintiffs seek this information is that they fear impeachment. Perhaps with some cynicism, it is argued that affirmative answers to these interrogatories would tend to keep the infant plaintiff honest, and further, according to the defense memorandum 'a negative answer would tend to subvert the ends of justice

■■ Rule 34, F.R.Civ.P., which requires a showing of good cause by the party seeking to examine such material, would govern any request for its production. Rule 34 does not in terms apply to the question now . before this Court. Whether plaintiff is entitled to learn whether such material exists turns on the proper construction of Rules 33, 26 and 30. Rule 33 provides: "Interrogatories may relate to any matters which can be inquired into under Rule 26(b) * * * The provisions of Rule 30(b) are applicable for the protection of the party from whom answers to interrogatories are sought under this rule." Rule 26 provides: "Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. * * * " Rule 30(b) provides that the Court may order "for good cause shown * * * that certain matters shall not be inquired into * * * or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."

■ Defendant concedes that plaintiff may obtain by interrogatories the names of persons having knowledge of relevant facts, and if counsel for plaintiff learns that one of such persons is an employee of a detective agency, he may infer that there is a strong possibility that motion pictures have been taken. Whether plaintiff is entitled to an answer to the explicit question whether such motion pictures exist requires a balancing of relevant factors. Any such pictures would represent material prepared for cross-examination or impeachment, and this Court has held in analogous situations that interrogatories need not be answered when the only purpose of the interrogatory is to prevent effective cross-examination. Stone v. Marine Transport Lines, Inc., 23 F.R.D. 222, 226 (D.C.1959); Buining v. The Transporter, 171 F.Supp. 127, 135, Int. No. 30 (D.C.1959); Knighton v. Villian & Fassio, 39 F.R.D. 11, 14 (D.C.1965). On the other hand, where the balance of equities favored the discovery sought, this Court has required discovery, e. g. of a party's own statement. Smith v. Central Linen Service, 39 F.R.D. 15 (D.C.1966). In the instant case, substantially for the reasons stated by Judge Prendergast in *Thorne,* see note 1 above, this Court concludes that the balance favors non-disclosure. In those cases, whether they be few or many, in which knowledge that a defendant does or does not possess motion pictures of the plaintiff would influence the testimony of the plaintiff or his witnesses, the possibility that the defendant may possess such motion pictures would probably tend to make the witnesses more careful. In those cases where the knowledge would not influence their testimony, the information would have little or no value to the plaintiff.

One other reason argues against requiring defendant to answer the question in this case. In some types of diver-

as the plaintiff would then know that she has a free rein in testifying without fear of impeachment by photographs or motion pictures.' Be that as it may, it has consistently been held that fear of impeachment is no valid ground for discovery. Dietz vs. Baltimore Transit Co., The Daily Record, June 3, 1955.

"This ruling is not intended to foreclose the right of a party to obtain access to photographs or even motion pictures pursuant to Maryland Rule 419 upon showing of good cause. There simply has been no showing of cause in this instance which the court deems sufficient, cf. Tsiontsiolos vs. Sun Cab Company, The Daily Record, March 7, 1958."

sity cases, of which this is an example, it is more important that the practice be uniform between the state and federal courts in a particular state than that the practice be uniform among the federal courts in the several states. In other types of cases, e. g. patent cases, it is more important that the practice be uniform throughout the federal system. In any event, no uniform federal practice on this question has been claimed or found.

Defendant will not be required to state whether he has motion pictures of plaintiff.

 (2) Counsel for defendant asked at the pretrial conference that the parties be required to exchange the reports of their medical witnesses. Counsel for plaintiff objected, primarily on the ground that Rule 35 provides the sole means by which a defendant may obtain copies of a plaintiff's medical reports; and that since plaintiff voluntarily submitted to an examination by defendant's physician and did not require defendant to proceed under Rule 35, defendant may not now obtain discovery of those reports or their contents. It is clear, however, that Rule 35 is not the only rule under which discovery of medical reports may be obtained. Knighton v. Villian & Fassio, supra, 39 F.R.D. at 13; Leszynski v. Russ, D.Md., 29 F.R.D. 10 (1961), and cases cited therein; Buffington v. Wood, 3 Cir., 351 F.2d 292 (1965); 2A Barron & Holtzoff, Wright ed., sec. 823, p. 490 et seq., and 1966 Pocket Part, p. 86. *Leszynski* governs such discovery in this Court, except as it is modified by *Knighton*, which controls the final discovery of expert opinion evidence. Since the case will probably be tried in the near future, the Court will require the exchange of the reports of the medical witnesses each side expects to call, but will consider a request by counsel for plaintiff to delete any portions of the reports which are not discoverable under *Knighton* or other applicable authority. Further depositions may be taken only upon order of the Court.