SONJA C. COSTANZI v. WILLIAM J. RYAN, ROBERT B. KRUEGER AND THE BOARD OF TRUSTEES OF BARTHOLOMEW COUNTY HOSPITAL

[No. 1-777A135. Filed January 3, 1978.]

Charles W. Hoodenpyl, Jr., of Jeffersonville, for appellant.

Ralph A. Cohen, James L. Petersen, Ice Miller Donadio & Ryan, of Indianapolis, for appellee Board of Trustees.

## STATEMENT OF THE CASE

LOWDERMILK, J. — Plaintiff-appellant Sonja C. Costanzi (Costanzi) appeals from an interlocutory order[1] entered by the Bartholomew Circuit Court overruling Costanzi's objections and ordering Costanzi to answer certain interrogatories propounded by defendants-appellees William J. Ryan (Ryan) and The Board of Trustees of Bartholomew County Hospital (Hospital).

## STATEMENT OF THE FACTS

Costanzi filed her complaint October 29, 1976, alleging that Ryan and another defendant had negligently injured her while

---

1. Costanzi brings this appeal pursuant to the provisions of Ind. Rules of Procedure, Appellate Rule 4(B)(5).

she was undergoing an operative procedure performed at the Bartholomew County Hospital for the purpose of removing her uterus, right fallopian tube, and right ovary.

Ryan and Hospital filed interrogatories directed to Costanzi. Although Costanzi answered most of them, she objected to certain interrogatories. The trial court ultimately ordered Costanzi to answer the interrogatories to which she filed objections and Costanzi brings this appeal to challenge that order.

## ISSUES

Costanzi lists the following issues for review:

1. Whether a defendant in a medical malpractice case may discover by interrogatory from plaintiff with regard to each person plaintiff expects to call as an expert witness at trial a) the present occupation of each expert witness, b) the substance of the facts to which each expert is expected to testify, c) the opinions to which each expert is expected to testify, and d) a summary of the grounds of each opinion to which each expert is expected to testify.

2. Whether a defendant in a medical malpractice case may discover by interrogatory from plaintiff the names, addresses, and opinions of experts retained or specially employed by plaintiff's attorney in anticipation of litigation or preparation for trial without first making a record showing of good cause or a showing that defendant is unable without undue hardship to obtain facts and opinions on the same subject by other means or upon a showing of other exceptional circumstances indicating that denial of discovery would cause manifest injustice.

3. Whether a defendant in a medical malpractice case may discover by interrogatory from plaintiff the names, addresses, and opinions of experts informally consulted by plaintiff's attorney.

4. Whether a defendant in a medical malpractice case may discover by interrogatory from plaintiff the results of medical research conducted by plaintiff's attorney in anticipation of litigation or for trial without first making a record showing of good cause.

5. Whether a plaintiff, by commencing a claim for relief for medical malpractice based on the surgical injury to her right ureter, as part of her urinary collection system, while undergoing an abdominal hysterectomy, or removal of her uterus as part of her reproductive system, waives the physician-patient privilege as to those parts of her prior and subsequent medical history and condition which are neither causally nor historically related to the condition in issue and which have no direct medical relevance to the claim or defense.

6. Whether a defendant in a medical malpractice case may discover by interrogatory from plaintiff the prior litigiousness of plaintiff, if any.

7. Whether a plaintiff in a medical malpractice case may be compelled to answer interrogatories propounded by defendant which are redundant, repetitive, annoying, burdensome, or oppressive.

8. Whether a plaintiff in a medical malpractice case may be compelled to answer an interrogatory propounded by defendant asking whether plaintiff has complied with the Indiana Rules of Procedure.

In order to eliminate repetitious copying of the interrogatories which Costanzi challenges, we provide the following chart and set out all of the interrogatories immediately following the chart.

|         | Ryan       | Hospital   |
|---------|------------|------------|
| Issue 1 |            | 14         |
| Issue 2 | 6 and 12   | 15 and 19  |
| Issue 3 | 6 and 12   | 15 and 19  |
| Issue 4 | 12         |            |
| Issue 5 |            | 23 and 24  |
| Issue 6 |            | 23 and 24  |
| Issue 7 | 12         |            |
| Issue 8 | 13         | 25         |

RYAN'S INTERROGATORY NO. 6:

State the name and address of every person who has expressed any opinion to you or your attorney that any

act or omission upon the part of WILLIAM J. RYAN with respect to his care and treatment of you constitutes negligence or is a deviation from the proper standard of treatment and care ordinarily exercised by other physicians under similar circumstances.

RYAN'S INTERROGATORY NO. 12:

If your answer to the preceding Interrogatory is in the affirmatitve, state specifically:

(a) The name of the treatment or care you claim should have been given or should not have been given.

(b) The nature of the treatment or care you claim should have been given or should not have been given.

(c) The date and time you allege that such treatment or care should have been given or should not have been given.

(d) The reason you allege that such treatment or care should have been given or should not have been given.

(e) The results you claim would have obtained if such treatment or care had been given or had not been given.

(f) The individual and specific facts on which you base your allegation that such treatment or care should have been given or should not have been given.

(g) The name and address of each person who has advised you, or

anyone acting on your behalf, that such treatments or care should have been given, or should not have been given, and the content of that advice and the date such advice was given.

(h) If you rely on any book or written matter for your allegation that such treatment or care should have been given or should not have been given, give the precise name and citation to such book or written matter.

RYAN'S INTERROGATORY NO. 13:

Have you stated every alleged grounds for asserting negligence as against WILLIAM J. RYAN which is presently known to you or your attorney? If not, state each further alleged act of negligence and factual basis for such allegations and the source of all such facts which you claim will support such allegations of purported negligence and the witness on whom you expect to rely with respect to each of such allegations.

HOSPITAL'S INTERROGATORY NO. 14:

State the name and address of each expert witness you intend to call at trial.

a. What is the subject matter on which each expert is expected to testify?

b. What is the present occupation of each such expert witness?

c. What is the substance of the facts to which each expert is expected to testify?

d. What are the opinions to which each expert is expected to testify?

e. State in detail a summary of the grounds for each opinion to which each expert is expected to testify?

HOSPITAL'S INTERROGATORY NO. 15:

State the name and address of every person who has expressed any opinion to you or your attorney that any act or omission upon the part of Bartholomew County Hospital with respect to its care and treatment of you constitutes negligence or is a deviation from the proper standard of treatment and care ordinarily exercised by other health care facilities under similar circumstances.

HOSPITAL'S INTERROGATORY NO. 19:

State all of the facts upon which you base the allegations of negligence in your complaint and state the source of each of these facts, listing the name and address of every doctor or other person from whom you obtained these facts.

HOSPITAL'S INTERROGATORY NO. 23:

Have you ever been a plaintiff in any other legal action or made claim for damages or injuries without filing legal action?

HOSPITAL'S INTERROGATORY NO. 24:

If the answer to the preceding interrogatory is in the affirmative, state:

a. The circumstances or occurrences which gave rise to your claim.

b. The approximate date of the circumstances or occurrences which gave rise to your making a claim.

c. If a legal proceeding has been filed, state the full title of each, the full name of the court where it was filed, the cause number and the judgment entered.

d. State the amount of any settlement or payment and the name of the party or parties who made each payment.

HOSPITAL'S INTERROGATORY NO. 25:

Have you stated every alleged grounds for asserting negligence as against Bartholomew County Hospital which is presently known to you or your attorny? If not, state each further alleged act of negligence and factual basis for such allegations and the source of all such facts which you claim will support such allegations of purported negligence and the witness on whom you expect to rely with respect to each of such allegations.

## DISCUSSION AND DECISION

A trial court exercises judicial discretion in ruling on discovery issues, and this court will interfere only if the trial court has abused its discretion. *City of Bloomington v. Chuckney* (1975), 165 Ind. App. 177, 331 N.E.2d 780. We do not intend to suggest that the interrogatories set forth in this opinion are exemplary. To the extent that we affirm the trial court's rulings, we conclude only that the trial court did not abuse its discretionary power.

*Issue One*

Hospital propounded its Interrogatory No. 14, and the trial

court overruled Costanzi's objection that Hospital sought information prohibited from discovery by interrogatories.

Trial Rule 26(B)(3) of the Indiana Rules of Procedure concerns discovery of facts known or opinions held by experts. TR. 26(B)(3)(a) refers to "an expert retained or specially employed by another party in anticipation of litigation or preparation for trial." TR. 26(B)(3)(b) then provides as follows:

"(b) As an alternative or in addition to obtaining discovery under subdivision (B)(3)(a) of this rule, a party by means of interrogatories may require any other party

(i) to identify each person whom the other party expects to call as an expert witness at trial, and

(ii) to state the subject-matter upon which the expert is expected to testify.

Thereafter, any party may discover from the expert or the other party facts known or opinions held by the expert which are relevant to the stated subject-matter. Discovery of the expert's opinions and the grounds therefor is restricted to those previously given or those to be given on direct examination at trial."

Hospital contends that it has merely combined the discovery authorized by TR. 26(B)(3)(b)(i) and (ii) with the discovery authorized by the sentence immediately following those provisions: "Thereafter, any party may discover from the expert or the other party facts known or opinions held by the expert which are relevant to the stated subject-matter." Hospital further argues that the comparable federal rule is "almost identical," and Hospital relies upon a federal opinion filed in 1971.

In its comments, the Civil Code Study Commission explains that TR. 26 through 37 were taken from the Preliminary Draft of Proposed Amendments to the Rules of Civil Procedure for the United States District Courts. Since 1970, however, Rule 26(b)(4)(A), Fed. Rules of Civil Procedure, has provided as follows:

"(A)(i)   A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject

matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and summary of the grounds for each opinion."

Because the parties in the case at bar are controlled by the Indiana rule rather than by the present federal rule, we conclude that Hospital's argument must fail. Hospital's reliance on a federal decision rendered after the federal rule was significantly amended is misplaced.

Further, in its comments the Civil Code Study Commission states that the rule establishes the procedure "adopted by decision of the court in *Knighton v. Villian & Fassio*, 39 F.R.D. 11 (D. Md. 1965)." In *Knighton*, Chief Judge Thomsen explained:

". . . [T]his Court will hereafter make rulings based upon the following principles: A party, by means of interrogatories served under Rule 33, F.R. Civ. P., a reasonable time prior to trial, may require any other party (i) to identify each person whom the other party expects to call as an expert witness at trial, and (ii) to state the subject matter on which the expert will testify. The party who served the interrogatories may proceed by any appropriate method[2] to discover from the expert or the other party facts known or opinions held by the expert which are relevant to the stated subject matter and not privileged. . . ." (Our insert)

Footnote number two of the *Knighton* opinion reads as follows:

"2.  E.g., Rule 30, Depositions upon Oral Examination; Rule 31, Depositions of Witnesses upon Written Interrogatories; Rule 34, Discovery and Production of Documents and Things for Inspection, Copying, or Photographing; or any agreed procedure."

We hold that Costanzi must identify[2] each person whom she expects to call as an expert witness at trial, and she must state the subject matter upon which the expert is expected to testify. Her objection to the remaining portions of Hospital's Interrogatory No. 14 should be sustained by the trial court.

---

2.  Costanzi and Hospital raise a peripheral issue concerning the meaning of "identify." Costanzi asserts that name and address should constitute a proper response. In light of the added requirement that she state the subject matter on which the expert will testify, we agree that name and address sufficiently identify the expert witness.

*Issues Two and Three*

Costanzi argues that Ryan's Interrogatories 6 and 12 and Hospital's Interrogatories 15 and 19 were improper because they were so broadly written that, in essence, Ryan and Hospital sought the identity of and facts known by or opinions held by experts informally consulted and experts retained or specially employed by Costanzi in anticipation of litigation or preparation for trial, but Ryan and Hospital made no showing of undue hardship or exceptional circumstances whereby denial of such discovery would cause manifest injustice.

Trial Rule 26(B)(3)(a) provides as follows:

"(3) Trial preparation: Experts.

(a) Subject to the provisions of subdivision (B)(3)(b) of this rule and Rule 35(B), a party may discover facts known or opinions held by an expert retained or specially employed by another party in anticipation of litigation or preparation for trial only upon a showing of good cause or a showing that the party seeking discovery is unable without undue hardship to obtain facts and opinions on the same subject by other means or upon a showing of other exceptional circumstances indicating that denial of discovery would cause manifest injustice."

The comments of the Civil Code Study Commission include the following statements:

"Under subdivision (b)(3)(A), a party may discover information only on a showing that the party could not without undue hardship obtain facts or opinions on the same subject through independent investigation, or the retention of other experts, or both, or of other exceptional circumstances whereby denial of discovery would cause manifest injustice.

\* \* \*

Subdivision (b)(3)(A) is concerned with experts retained or specially consulted in relation to trial preparation. Thus, it does not limit discovery of matters acquired by a person outside of trial preparation — e.g., as a witness to an accident, even though the person is an expert. On the other hand, *the subdivision precludes discovery against experts who were informally consulted in preparation for trial, but not retained or specially employed. As an ancillary procedure, a party may on a proper*

*showing require the other party to name experts retained or specially employed, but not those informally consulted."* (Our emphasis)

Hospital, in its brief, does not attempt to construe the rule in any manner deviating from its plain meaning. Instead, Hospital argues that the purpose of its two interrogatories is to ascertain the facts upon which Costanzi bases her claim and the identity of individuals who have knowledge of those facts. Hospital states in its brief:

> "Plaintiff objects to these interrogatories because she argues that they seek both the identity of experts consulted informally and experts retained or specifically employed by or on behalf of plaintiff in preparation for trial without a showing of good cause. The Hospital does not seek to discover this information and plaintiff's objections to disclosing it does not provide an adequate ground for plaintiff to refuse to identify those individuals, *other than experts,* who have knowledge of matters involved in this case or to refuse to state the facts on which her claims are based." (Our emphasis)

We hold that Costanzi must provide only that information sought by Hospital's Interrogatories 15 and 19 which is not protected from discovery by TR. 26(B)(3)(a). If Costanzi deems *all* of the information sought by those interrogatories to be protected by TR. 26(B)(3)(a), she must so state that conclusion as her answer.

Ryan has not favored this court with any brief. Costanzi may prevail by making a prima facie showing of reversible error. *Bill v. Bill* (1972), 155 Ind. App. 65, 290 N.E.2d 749. Hospital has explained that its interrogatories could be construed as seeking information which is not barred by TR. 26(B)(3)(a). We note that, in Ryan's argument to the trial court concerning his Interrogatory No. 6, he specifically stated that he did seek the names and addresses of experts who had expressed opinions to Costanzi or her attorney. Ryan made no argument directed to Costanzi's objection to Interrogatory 12(g). We hold that Costanzi has made a prima facie showing that the trial court erred. Costanzi shall not be required to answer Ryan's Interrogatory No. 6 or Ryan's Interrogatory No. 12(g).

*Issue Four*

Costanzi objected to Ryan's Interrogatory No. 12, which must be read in conjunction with Ryan's Interrogatory No. 11. Costanzi contends that, with section (h) of Interrogatory No. 12, Ryan seeks to discover the results of medical research; she contends that such information is privileged or is the work product of Costanzi's attorney, and that the interrogatory does not appear reasonably calculated to lead to the discovery of admissible evidence.

Ryan has left Costanzi, the trial court, and this court with a perplexing assignment of guessing what he means by "written matter." This lack of clarity totally frustrates our attempt to determine whether or not Ryan seeks discovery of work product. Ryan, however, responded to Costanzi's objection in the trial court, not by arguing that he did not seek work product, but rather by making the assertion, without any statement of facts or circumstances, that denial of the discovery would result in manifest injustice.

In the landmark decision of *Hickman v. Taylor* (1947), 329 U.S. 495, 510, 91 L.Ed. 451, 462, 67 S.Ct. 385, 393-94, Justice Murphy explained:

"Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. . . .

\* \* \*

We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where

relevant and nonprivileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. . . ."

Ryan had already asked, and Costanzi had listed, every act or omission on the part of Ryan which she claimed constituted negligence. She had already stated the nature and extent of all damages or injuries which she claimed to have sustained as a result of the alleged negligence of Ryan. Certainly Ryan had access to medical research materials and was as capable as was Costanzi to research the issues raised by the legal proceeding. We hold that Costanzi has presented a prima facie showing of error. Costanzi shall not be required to answer Ryan's Interrogatory No. 12(h).

*Issues Five and Six*

Costanzi objects to Hospital's Interrogatories 23 and 24 and contends that Hospital improperly seeks information protected from discovery by the physician-patient privilege. Costanzi further contends that the information sought is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.

Costanzi emphasizes that Hospital, in its Interrogatory No. 12, requested information concerning prior injuries to Costanzi's urinary tract, and Costanzi answered that she had suffered no prior injury or damage to her urinary tract but that she had experienced prior urinary tract infections. In her complaint, Costanzi alleged injury to her abdominal cavity and lung, as well as to her urinary tract. "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." TR. 26(B)(1). Information concerning suits filed or claims entered seeking recovery for injuries to Costanzi's lung and abdominal cavity could reasonably be expected to lead to admissible evidence.

Costanzi quotes at length from the opinion of our Supreme Court in *Collins v. Bair* (1971), 256 Ind. 230, 268 N.E.2d 95. *Collins*

concerns waiver of the physician-patient privilege contained in IC 1971, 34-1-14-5 (Burns Code Ed.):

". . . The following persons shall not be competent witnesses:
* * *

Fourth. Physicians, as to matter communicated to them, as such, by patients, in the course of their professional business, or advice given in such cases."

Hospital's Interrogatories 23 and 24 call for information concerning prior legal actions and prior claims for injuries. Costanzi could answer the interrogatories without need to resort to information from physicians or former physicians of Costanzi. Costanzi's reliance on the physician-patient privilege is misplaced.

Costanzi argues that the interrogatories improperly seek to inject her prior litigiousness. Costanzi quotes from several cases dealing with the admissibility at trial of such evidence and further quotes from MCCORMICK'S HANDBOOK OF THE LAW OF EVIDENCE § 196 (2d ed. E. Cleary 1972):

". . . Thus, when it is sought to be shown merely that the plaintiff is a chronic litigant, or a chronic personal injury litigant, the courts consider that the slight probative value is overborne by the danger of prejudice, and they exclude the evidence. . . ." (Footnotes omitted)

Costanzi fails to acknowledge that her authorities are concerned only with admissibility of evidence, while discovery is proper for information reasonably calculated to lead to the discovery of admissible evidence. Secondly, Costanzi's excerpt quoted above speaks of "slight provative value" in such evidence and does not substantiate Costanzi's assertion that such information is irrelevant.

Costanzi then argues that by the interrogatories Hospital only seeks information concerning Costanzi's character. Again, however, Costanzi directs her argument to admissibility rather than relevance.

Costanzi has not shown that the trial court abused its discretion in ordering her to answer Hospital's Interrogatories 23 and 24.

We would remind Costanzi that TR. 26(C) is available to limit the scope of discovery. If Costanzi possesses facts which would warrant issuance of a protective order, she should proceed in that manner rather than asking the court to sustain her objections based upon the cold print of the interrogatories. Costanzi further has available such tools as the motion in limine to prevent the introduction or even the mention of inadmissible evidence at trial. Our ruling on these issues is based upon the firm belief that pretrial discovery is available as to any nonprivileged matter which is relevant to the subject matter.

*Issue Seven*

Costanzi argues that Ryan's Interrogatory No. 12, which must be read in conjunction with Interrogatory No. 11, is repetitious, redundant, abusive, unreasonable, and oppressive, and that the trial court erred in overruling her objection and ordering her to answer.

Ryan's Interrogatory No. 9 reads as follows:

"State every alleged act or omission on the part of WILLIAM J. RYAN, which you are claiming constitutes negligence."

Ryan's Interrogatory No. 11 reads as follows:

"Do you claim that any treatment or care should have been given to you which was not given you by WILLIAM J. RYAN or claim that any treatment or care was given which should not have been given by WILLIAM J. RYAN?"

Costanzi answered Interrogatory No. 11 affirmatively but then objected to answering Interrogatory No. 12.

Costanzi's answer to Interrogatory No. 9 also appears to answer Interrogatory No. 12(b), (d), and (e). Although her answer would make the information called for by 12(a) ascertainable, she has not specifically answered that question. Only Costanzi knows whether her prior answers also satisfy Interrogatory No. 12(f). The trial court did not abuse its discretion in requiring her to answer section (f). Of course, such discovery is limited by the provisions of TR. 26(B)(3)(a).

Ryan's Interrogatory No. 10 reads as follows:

"With respect to each act or omission listed in answer to Interrogatory No. 9, state the name, address and occupation of all persons whom you allege were involved, the time, date, and place of each."

Although Interrogatory No. 12(c) is repetitious of Interrogatory No. 10, Costanzi answered the earlier Interrogatory as follows:

"William J. Ryan, 3224 Grove Parkway, Columbus, Indiana; physician; October 30, 1974, through November 4, 1974; Bartholomew County Hospital."

The trial court did not abuse its discretion in requiring Costanzi to provide the information sought by Interrogatory No. 12(c). If she does not have the precise information, she should so state that fact.

Costanzi has made a prima facie showing that the trial court erred in requiring her to answer sections (b), (d), and (e) of Interrogatory No. 12. Sections (g) and (h) of the interrogatory have already been considered in Issues Two, Three, and Four.

We are well aware that the trial court exercises discretion in ordering or denying discovery, and we also acknowledge the fact that few trial courts have sufficient time to scrutinize interrogatories in detail when challenge is made that they are repetitious. However, we further appreciate the fact that repetitious interrogatories too easily become tools for harassment and annoyance, intentionally or otherwise. No litigant should be forced to suffer such waste of time and expense to answer interrogatories which serve no purpose.

*Issue Eight*

Costanzi argues that Ryan's Interrogatory No. 13 and Hospital's Interrogatory No. 25 are repetitious, redundant, abusive, unreasonable, or oppressive. She cites TR. 33(A) and notes that it imposes a duty to answer each interrogatory separately and fully. Costanzi, in essence, argues that she should not be ordered to answer the interrogatories because they serve no purpose.

When Costanzi answered Ryan's Interrogatory No. 9, she stated: "The negligence of the defendant, William J. Ryan, con-

sisted of, *among others*, one or more of the following acts or omissions." (Our emphasis) When Costanzi answered Hospital's Interrogatory No. 18, she stated: "The negligence of the defendant, The Board of Trustees of Bartholomew County Hospital, consisted of, *among others*, one or more of the following acts or omissions." (Our emphasis)

In light of Costanzi's answers to the earlier interrogatories of Ryan and Hospital, the Interrogatories 13 and 25 could require information which Costanzi had not yet provided. If Costanzi had already set out all of the information sought, we do not consider it an abuse of discretion by the trial court to require Costanzi to answer "yes."

In summary, we hold that Costanzi shall answer only Ryan's Interrogatories 12(a), 12(c), 12(f), and 13. In response to Hospital's Interrogatory No. 14, Costanzi shall identify each person whom she expects to call as an expert witness at trial, and state the subject matter upon which the expert is expected to testify. She shall answer Hopsital's Interrogatories 15 and 19 to the extent the information is not protected from discovery by TR. 26(B)(3)(a). Costanzi shall also provide answers to Hospital's Interrogatories 23, 24, and 25.

Remanded to the trial court for further proceedings not inconsistent with this opinion.

Robertson, C.J. and Lybrook, J. concur.

NOTE—Reported at 370 N.E.2d 1333.