**SEVEN–UP BOTTLING COMPANY, Inc.,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

Civ. A. No. 9023.

United States District Court
D. Colorado.

Jan. 21, 1966.

Rothgerber, Appel & Powers, Denver, Colo., for plaintiff.

Lawrence M. Henry, U. S. Atty., for Dist. of Colorado, Denver, Colo., for United States.

WILLIAM E. DOYLE, District Judge.

In this action which seeks refund of taxes paid, the United States has served notice to take the deposition of one George C. Haas, an expert witness who has been named by the plaintiff.

The plaintiff has objected to the taking of the deposition and has requested that the Court enter an appropriate protective

order. Attorneys' affidavits have been filed and the matter now stands submitted.

Involved herein is the question of appropriate valuation of certain corporate assets under the provisions of the Internal Revenue Code.

The Government maintains that it must take this deposition so as to prepare itself to cross-examine the expert at the trial. They wish to question him as to his method of valuation, his basic assumptions, and his analysis as well as the weight which he gives to facts in the case. Plaintiff's position is that the witness has been employed by counsel and not by the plaintiff and from this argues that his testimony has an aspect of privilege. Plaintiff also argues that the deposition, involving as it does travel and time on the part of plaintiff's counsel and time on the part of the witness, imposes an undue hardship. It is noteworthy that the deposition of Mr. Green, expert witness for the Government, has heretofore been taken by plaintiff without objection.

The question presented is more difficult than appeared at first and, indeed, the majority of the cases which have considered the subject have denied access, at least to the conclusions of an adverse expert witness. Hoagland v. Tennessee Valley Authority, E.D.Tenn. 1963, 34 F.R.D. 458; Stovall v. Gulf and South American Steamship Company, S. D.Tex.1961, 30 F.R.D. 152. In Maginnis v. Westinghouse Electric Corp., E.D.La. 1962, 207 F.Supp. 739, the Court determined that the conclusions of the expert witness could not be discovered by interrogatories but that the relevant facts upon which the conclusions were based were subject to discovery. Both counsel rely on the article of Freidenthal, "Discovery and Use of an Adverse Party's Expert Information," 14 Stanford Law Review 455, and on the comments of Professor Moore, 4 Moore's Federal Practice, ¶ 26.24. Both of these authorities recognize that each case must be examined on its own merits and must be determined in accordance with considerations of fairness. The interests of the deposing party in gaining information for trial is weighed against the hardship which the other party will suffer in terms of expense and prejudice to his case. It would, though, appear that the underlying factor which causes the courts to treat expert testimony somewhat differently from testimony of other witnesses is that the party has an investment in the witness. Somehow it is believed that he has bought and paid for the witness and that the other party should not share in his property. We cannot accept this "oath helper" approach to discovery. It is inconsistent with our basic assumption that the trial is a search for truth and not a tactical contest which goes to either the richest or to the most resourceful litigant. We do recognize that financial hardship could result in this instance as it can in any situation in which the deposition of an adverse witness is sought in some distant place and so, while we are of the opinion that the Government should be allowed to take the deposition in question and that the objection of the plaintiff should be overruled, we take notice of the fact that the matter will prove expensive and we reserve the question of assessment of costs until a later stage in the proceedings. At the present time both lawyers will pay their own expenses and claim for reimbursement can be made by the plaintiff at the conclusion of the trial. It is, therefore,

Ordered that defendant be allowed to take the deposition of George C. Haas in accordance with the purposes which are set forth in the defendant's affidavit. Allocation of costs incurred by plaintiff in connection with this will be made at the conclusion of the trial.