**NORFIN, INC., a Washington Corporation, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation, Defendant.**

**Civ. A. No. 76–F–293.**

United States District Court, D. Colorado.

Jan. 25, 1977.

**530**

James W. Buchanan, Hutchinson, Black, Hill, Buchanan & Cook, Boulder, Colo., Granger Cook, Jr., Cook, Wetzel & Egan, Ltd., Chicago, Ill., for plaintiff.

Donald C. McKinlay, Holme, Roberts & Owen, Denver, Colo., Earl C. Hancock, IBM Corp., Boulder, Colo., William K. Kerr, Robert C. Morgan, Robert R. Jackson, Fish & Neave, New York City, for defendant.

SHERMAN G. FINESILVER, District Judge.

In this patent infringement suit the Court has been asked to issue a protective order, to prevent or limit Defendant's attempted deposition of Plaintiff's expert witness. In the suit, Plaintiff contends that Defendant has infringed patent no. 3,414,254 relating to photocopy machine collating devices. Defendant denies any infringement and affirmatively alleges that the '254 patent is invalid, due to its obviousness at the time of the invention to persons having ordinary skill in the relevant art.

To support the validity of its patent, Plaintiff acquired the services of an independent expert having extensive experience in the field of design and development of electro-mechanical systems and products. In its "Summary of Plaintiff's Expert's Testimony," Plaintiff stated that its expert, Dr. Robert C. Dean, "has had background in the design and development of office collators, specifically including overall product design for office collators to be used with duplicating machines." *Summary* at 2.

Dr. Dean is the founder of Creare Innovations, Incorporated, an independent consulting firm which has participated in the research and development of paper handling equipment for various companies, including Xerox Corporation. Xerox, of course, is a major competitor of Defendant I.B.M. in the field of office photocopy equipment.

As part of its contract with its clients, Creare Innovators and Dr. Dean promise to keep in confidence any information obtained by virtue of consulting activities with a client. Plaintiff employed Dr. Dean knowing of the self-imposed restrictions on his testimony. In an affidavit to the Court, Dr. Dean stated that he would terminate his relationship with Plaintiff rather than testify in any area that would violate his contractual obligations with non-parties to this litigation. The affidavit also indicates that Dr. Dean, prior to his employment for this case, has never been requested to analyze or express an opinion respecting the '254 patent. Furthermore, it is stated that Dr. Dean was not even aware of the '254 patent before his employment in this case.

A contested issue in this lawsuit is the validity, due to its obviousness, of the '254 patent. In Plaintiff's summary of Dr. Dean's testimony, it is asserted that the expert will "give expert testimony to assist in the determination of this issue" and the infringement issue. In particular,

> Dr. Dean will testify concerning generally what efforts were being made in the art at the time the invention described in the '254 patent was made to design collating equipment and the problems which were thought to be important in such designs. Dr. Dean, *from his experience* in collator design, will describe the art and the nature and capabilities of the practitioner in the art.

*Summary* at 5 (emphasis added). Defendant has given notice of its desire to depose Dr. Dean concerning the facts and information learned and developed by Dr. Dean in his "prior experience." With the notice of deposition, Defendant had issued a subpoena duces tecum, requiring the production of all publications authored by Dr. Dean and all documents, other than those prepared in connection with this litigation, referring to the sorting, collating or handling of paper. Defendant has agreed to keep any information received from Dr. Dean confidential and limit its use to the purposes of this lawsuit. Defendant has further agreed to submit confidential information of its own to Dr. Dean, providing that the same usage restriction is observed.

Plaintiff opposes the deposition of its expert on three grounds: (1) that the work done by Dr. Dean prior to his employment by Plaintiff is irrelevant; (2) that the prejudicial effect of allowing the deposition outweighs any possible probative value; and (3) that the deposition would violate Rule 26 of the Federal Rules of Civil Procedure.

■ We reject any contention that Dr. Dean's prior work is not relevant to the issues in this lawsuit. Plaintiff's own summary of Dr. Dean's testimony, submitted before the instant motion was before the Court, belies any argument of irrelevancy. To the contrary, it seems clear that discovery involving Dr. Dean is reasonably calculated to lead to relevant, admissible evidence. Fed.R.Civ.P. 26(b)(1); *Greene v. Raymond*, 41 F.R.D. 11 (Colo.1966).

■ We also reject any argument that the deposition should be prevented because the prejudicial effect of allowing the deposition would outweigh any probative value of the information obtained. Initially, we note that this is more a standard for admissibility at trial rather than for use at this stage of the proceeding. *See*, Fed.R.Evid. 403; *Smith v. Schlesinger*, 168 U.S.App.D.C. 204, 513 F.2d 462 (1975). Further, determining probative value cannot be done outside of the context of the total evidence presented at trial. We recognize, however, that prejudice to a party has been a consideration in reviewing requests to discover an opponent's expert testimony. *Seven-Up Bottling Co. v. United States*, 39 F.R.D. 1 (D.Colo.1966). Here, the prejudice arises from the possibility that Dr. Dean would

refuse to continue his participation in the lawsuit rather than be deposed. This eventuality is something which was known to Plaintiff from the beginning of its relationship with Dr. Dean, and which Plaintiff consciously chose to chance. If a discovery procedure is otherwise permissible, the Court will not prevent its use merely because a litigant or its expert witness, by contract, decides not to cooperate in legitimate discovery.

■ Finally, we do not believe that in this case, requiring Dr. Dean to attend a deposition without complying with the provisions of Rule 26(b)(4) contravenes the provisions of the Federal Rules of Civil Procedure. Rule 26 refers to discovery of facts and opinions held by an adversary's experts. When it is anticipated that the expert will be used as a witness at trial, and discovery is desired, a two-step procedure must be followed: First, written interrogatories may be served; Second, if additional discovery is desired, leave of the court must be obtained. In this case, Defendant has neither filed such written interrogatories, nor requested leave of the Court to pursue its deposition of Dr. Dean. In this case, however, Rule 26(b)(4) is simply not applicable. That subsection states,

> Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule, and acquired or developed in anticipation of litigation or for trial, may be obtained only [through the two-step procedure].

(Emphasis added.) In the instant case, the facts sought to be discovered are other than those developed in anticipation of litigation. Rather, in its Summary, Plaintiff has indicated Dr. Dean's extensive experience in the area of office equipment collators. Additionally, Plaintiff indicated that its expert had not even known about the '254 patent mechanism prior to this lawsuit. Nonetheless, the expert is considered sufficiently qualified to comment upon the "state of the art" at the time the patent was granted and the obviousness or non-obviousness of the patent claims. Defendant has clearly indicated that it desires no information which was obtained in anticipation of litigation, but only seeks to question the expert on his "experience" prior to being retained by Plaintiff. Defendant I.B.M. insists that it only "seeks to depose Dean concerning facts and information learned and developed by Dean in his prior experience." Defendant's Memorandum at 4.

In the Advisory Committee Notes to the 1970 amendment to Rule 26(b)(4), it was observed:

> It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness.

With respect to the state of the art at the time the '254 patent claims were filed, Dr. Dean is merely an "actor" or "viewer." His knowledge concerning the state of the art was obtained as a participant in the relevant field of endeavor, rather than in preparation for this lawsuit. As to those facts and opinions held by Dr. Dean which emanate from his prior experience rather than developed in anticipation of litigation, the two-step procedure of rule 26(b)(4) does not apply.

Plaintiff also contends that under the Rules, an expert's deposition may not be taken for the purposes of obtaining material for impeachment of the expert at trial. In *Knighton v. Villian & Fassio e Compagnia*, 39 F.R.D. 11 (D.Md.1965), the court said:

> While it is contemplated that a party will be entitled to obtain full disclosure of an expert's opinion and the facts and reasons upon which it is based, it is not contemplated that a party will be allowed, by deposition or otherwise, to conduct a preliminary cross-examination of his opponents' experts for the purpose of developing material to be used for impeachment . . . . .

Similarly, it was noted in *E. I. Du Pont De Nemours & Co. v. Phillips Petroleum Co.*, 24 F.R.D. 416 (D.Del.1959), also a patent case, that:

> In the ordinary lawsuit discovery should not be allowed where the facts which it is framed to develop are useful and relevant for no purpose other than to enable the moving party to show by cross-examination or otherwise that an expert . . . has inadequate bases for an opinion which he is expected to give.

24 F.R.D. at 421. In the *Du Pont* case, however, the court went on to allow the requested discovery, in part, because, "It is impossible for the plaintiff to establish infringement or for the defendant to attack the validity of the patent except by opinion testimony of experts." *Id.* It should also be noted that the *Du Pont* case involved the results of tests conducted in anticipation of litigation.

Other courts have held to the contrary of *Knighton* and the dicta of *Du Pont* on the issue of discovery for impeachment purposes. In what one court described as a complex case, it was opined that "In fact, one of the purposes of discovery is to obtain information for use on cross-examination and for the impeachment of witnesses." *United States v. International Business Mach. Corp.*, 66 F.R.D. 215, 218 (S.D.N.Y. 1974).

The question of cross-examination and discovery of experts is, of course, collateral to the main purpose for the discovery in this case. Defendant wishes to question Dr. Dean because of his expected testimony concerning the state of the art as culled from his "prior experience." The Advisory Committee notes to Rule 26 state:

> In cases of this character [citing the *Du Pont* patent case], a prohibition against discovery of information held by expert witnesses produces an acute form of the every evils that discovery has been created to prevent.

> .    .    .    .    .

> These considerations appear to account for the broadening of discovery against experts in the cases cited where expert testimony was central to the case.

In this patent case, it is clear that expert testimony will be central to the litigation.

■ We are further buttressed in our belief that a deposition in these circumstances is proper by the policies underlying the discovery concept. After reviewing decisions from other federal courts, the court in *Virginia Electric & Power Co. v. Sun Shipbuilding & Dry Dock Co.*, 68 F.R.D. 397, 408 (E.D.Va.1975) concluded, "If expert [testimony] is not discoverable then the trial will consist of one ambush and one surprise after another." Similarly, in *United States v. Meyer*, 398 F.2d 66 (9th Cir. 1968), a condemnation case, the court stated:

> In sum, in condemnation cases full pretrial disclosure of appraisers' opinions and the details upon which they are based is required if the rules are to accomplish their purpose to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." *United States v. Procter & Gamble*, 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 . . . (1958).

While the Court is not unaware of the argument that it is "unfair" for one party to obtain facts and opinions held by an expert for which the other party has had to pay, we find it unpersuasive as a reason to bar discovery. As noted a decade ago by Judge Doyle:

> It would, though, appear that the underlying factor which causes the courts to treat expert testimony somewhat differently from testimony of other witnesses is that the party has an investment in the witness. Somehow it is believed that he has bought and paid for the witness and the other party should not share in his property. We cannot accept this "oath helper" approach to discovery. It is inconsistent with our basic assumption that the trial is a search for truth and not a tactical contest which goes to either the richest or to the most resourceful litigant.

*Seven-Up Bottling Company v. United States*, 39 F.R.D. 1, 2 (D.Colo.1966).

We underscore the fact that defendant seeks only to depose Dr. Dean on facts and opinions developed by him as an actor or viewer in the field of office machine design and development, not on facts or opinions acquired or developed for litigation. To the extent that such a deposition would require Dr. Dean to reveal information he deems confidential, an appropriate protective order can be formulated to restrict the use of such information to the purposes of this lawsuit. We cannot, however, simply prohibit Defendant from inquiring into these areas, to do so would allow Plaintiff to present its expert's opinions on the ultimate issues of this lawsuit without allowing Defendant the opportunity to examine the factual basis for such opinions.

Finally, we recognize that Plaintiff has expended great time and expense in finding its expert and developing his testimony for trial. Pursuant to our authority under Rule 26(c) we shall direct that, at the conclusion of Defendant's discovery in this matter, Plaintiff submit a statement of costs or expert witness fees relative to Dr. Dean, together with a statement of what it considers a fair and reasonable contribution to fees and costs by Defendant. Defendant shall have an opportunity to respond to Plaintiff's statement. The Court will later determine what amount of fees and costs should be apportioned to Defendant.

### ORDER

IT IS HEREBY ORDERED that so long as Plaintiff anticipates using Dr. Robert C. Dean as a witness in the trial of this case, Dr. Dean shall appear for a deposition upon oral examination conducted by Defendant International Business Machines Corporation. Dr. Dean need furnish, pursuant to a proper *subpoena duces tecum*, only those documents upon which he relied in acquiring or developing facts or opinions relating to office equipment design and development, other than those documents prepared in connection with trial preparation in this case.

IT IS FURTHER ORDERED that the scope of any deposition of Dr. Dean shall be limited to his experience in the field of office equipment design and development prior to the commencement of this lawsuit.

IT IS FURTHER ORDERED that any information obtained by way of discovery from Dr. Dean shall be used for the purposes of this lawsuit only, and that any documents obtained from Dr. Dean shall not be reproduced in any form whatsoever.

IT IS FURTHER ORDERED that at the conclusion of the deposition and discovery of Dr. Dean, Plaintiff shall furnish the Court with a statement of fees and costs relative to Dr. Dean. Such statement shall contain an amount which Plaintiff considers as a fair and reasonable contribution by Defendant toward those costs and fees. Defendant may respond to Plaintiff's statement no later than five days after Plaintiff's statement is filed with the Court.