### PLASMA PHYSICS CORPORATION, Plaintiff,

v.

### SANYO ELECTRIC CO., LTD., Sanyo Electric Inc., and Sears, Roebuck and Co., Defendants.

No. 88 C 2274.

United States District Court, N.D. Illinois, E.D.

Nov. 16, 1988.

Michael G. Berkman, Trexler, Bushnell, Giangiorgi & Blackstone, Ltd., Chicago, Ill., for plaintiff.

Jeffrey D. Colman, Jenner & Block, Chicago, Ill., David G. Conlin, Robert M. Asher, Dike, Bronstein, Roberts, Cushman & Pfund, Boston, Mass., for defendants.

### ORDER

ELAINE E. BUCKLO, United States Magistrate.

This patent infringement case has been referred to me to consider a motion by plaintiff Plasma Physics Corporation ("Plasma") asking that sanctions be imposed on defendants Sanyo Electric Co., Ltd. and Sanyo Electric Inc. ("Sanyo")[1] for abuse of discovery. Plasma contends that *ex parte* contact by a Sanyo officer, Dr. Kuwano, with two experts named by Plasma in answers to interrogatories, violates Fed.R.Civ.P. 26(b)(4)(A).

---

**1.** Defendants point out that as a result of a merger, Sanyo Electric Inc. is now known as Sanyo Fisher (USA) Corp. Sanyo Fisher answered the complaint on behalf of Sanyo Electric Inc. and denied the existence of Sanyo Electric. Plaintiff has not amended its complaint to reflect the merger.

In its complaint, Plasma claims that Sanyo infringed its U.S. Patent No. 4,330,182 ("'182 patent"), which deals with a photovoltaic junction made from a layer of amorphous boron in contact with a layer of amorphous silicon and used for solar energy conversion. '182 patent Abstract, Exhibit A to complaint. In an answer to interrogatories, Plasma listed Drs. Pankove and Wronski as expert witnesses, pursuant to Fed.R.Civ.P. 26(b)(4)(A)(i). Both experts were cited as patentees in prior art references for the '182 patent.

In July, 1988, Dr. Kuwano, manager of Sanyo's Research Center in Japan, traveled to the United States, allegedly to seek an expert witness for Sanyo for this case. According to Sanyo, Dr. Kuwano and Drs. Pankove and Wronski were early colleagues in the field of silicon photovoltaic cells. Knowing that Drs. Pankove and Wronski had been listed as expert witnesses by Plasma, Dr. Kuwano checked with Sanyo's counsel before contacting them. Sanyo's counsel says he reasoned that since Dr. Kuwano was not an attorney, there was no reason why he could not talk with his former colleagues. Sanyo's Brief in Opposition, p. 3. Subsequently, Dr. Kuwano met with Dr. Pankove of the University of Colorado on or about July 8, 1988, and with Dr. Wronski of Pennsylvania State University on or about July 11, 1988. Neither Plasma nor its counsel were informed in advance of these meetings. They learned of the meeting through a telephone call with one of the experts.

Plasma contends that these meetings intimidated its experts, pointing out that one expert has indicated that he will not testify at the trial of this case. It also alleges other, unspecified "irreparable" damage, and asks that Sanyo be sanctioned for abuse of the discovery process. It has attached no affidavits or exhibits to supports its allegation of irreparable damage.

Sanyo has attached to its brief what purports to be a letter dated August 23, 1988, from Leonard Wagner, a senior vice-president of General Electric, to Sanyo. The letter denies Sanyo's request that Dr. Pankove be permitted to appear as an expert in this case, because of a protective order issued in another patent infringement case. Sanyo has not attached an affidavit authenticating this letter, although Plasma did not dispute its authenticity in its reply memorandum.

Fed.R.Civ.P. 26(b)(4)(A) provides:

(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

The Rule thus sets forth a two-step process which must be followed to obtain discovery of facts and opinions held by an adversary's expert who is expected to testify at trial. First, written interrogatories may be served. Second, if additional discovery is desired, leave of court must be obtained. Fed.R.Civ.P. 26(b)(4)(A)(ii). *See Norfin, Inc. v. International Business Machines Corp.*, 74 F.R.D. 529, 532 (Colo. 1977). The Federal Rules of Civil Procedure do not specify a sanction for breach of this rule. Rule 37, for example, is silent as to this type of infraction. However, a court has inherent power to protect the integrity of its processes. *See Campbell Industries v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir.1980), 8 Wright and Miller, *Federal Practice and Procedure*, § 2030 n. 71, § 2050 at 325–26 (1970). Thus, the court does have discretion to impose a sanction for breach of Rule 26(b)(4)(A), although it is not required to do so. Wright and Miller, § 2050 at 326–27.

Sanyo makes three arguments in opposing Plasma's motion. First, it claims that "informal" meetings between Dr. Kuwano and Plasma's experts are not covered by Rule 26(b)(4). Second, it argues that Rule

26(b)(4) does not apply to Plasma's experts because their knowledge and opinions were not acquired or developed in anticipation of litigation or for trial. Finally, Sanyo contends tht Plasma has not been injured by Dr. Kuwano's meetings with its experts.

Sanyo's claim that informal meetings between witnesses and parties are not within the scope of the rule is without merit. The plain language of Rule 26(b)(4) refers to "parties." In *Campbell Industries v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir.1980), the court held that *ex parte* contact by an attorney with an opponent's expert violated Rule 26(b)(4). The attorney in *Campbell* was an agent of the party Gemini; the court found a violation of Rule 26(b)(4) because there were *ex parte* communications between Gemini and its opponent's experts, not because the contacts were between Gemini's attorney and the experts. *Campbell*, 619 F.2d at 26–27. Similarly, in this case, Dr. Kuwano, an officer and manager of Sanyo, is Sanyo's agent. As Sanyo's agent, he contacted an opponent's expert *ex parte*, without following the procedures set forth in Rule 26(b)(4). Since Rule 26(b)(4) speaks in mandatory terms ("Discovery of facts known and opinions held by experts ... may be obtained only as follows:"), Dr. Kuwano's *ex parte* contact with Plasma's experts violated Rule 26(b)(4)(A) unless their testimony is not covered by the Rule.

Sanyo next argues that Rule 26(b)(4) applies only to facts known and opinions held by experts which were acquired or developed in anticipation of litigation or for trial. It points to Advisory Committee Notes to the 1970 Amendments which state, in reference to Rule 26(b)(4):

> ... It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit.

Such an expert should be treated as an ordinary witness.

Sanyo claims that because Drs. Pankove and Wronski were inventors, with patents referenced as prior art to the patent at issue in this case, they were actors with respect to occurrences that are part of the subject matter of this suit. Accordingly, they should be considered to be outside the scope of Rule 26(b)(4).

In *Norfin, Inc. v. International Business Machines Corp.*, 74 F.R.D. 529 (Colo. 1977), also a patent infringement case, the court ruled that the testimony of plaintiff's expert was outside the scope of Rule 26(b)(4), because the expert was to testify concerning prior art to and obviousness of the patent at issue, based on his previous experience. *Id.* at 531. Since the facts which the defendant sought to discover were other than those developed in anticipation of litigation, the defendant was not required to follow the two-step procedure of Rule 26(b)(4)(A). *Id.* at 532. *See also Eliasen v. Hamilton*, 111 F.R.D. 396, 403 (N.D.Ill.1986) ("While the expert's pre-established facts and opinions will often be hard to distinguish from the 'acquired and developed' ones, we think the purpose of the rule is to protect from discovery only those facts and opinions the expert has acquired and developed for the client who hired him in anticipation of litigation or for trial."). *Accord, Grinnell Corp. v. Hackett*, 70 F.R.D. 326 (R.I.1976).

Plasma states that its experts were not merely "actors" or "viewers" in the subject matter of the patent at issue here, but also had conferred with John Coleman, the patentee of the patent at issue and "were privy to and were possessed of information acquired in preparation for trial." Plaintiff's Reply at 5. This assertion is not supported by affidavits; nor have they provided a summary of the experts' opinions. Therefore, Plasma has not shown that its experts are within the scope of Rule 26(b)(4).[2]

---

2. Since Plasma is bringing this motion for sanctions, it is in the best position to show that its experts were retained in anticipation of litigation. *See, e.g., Marine Petroleum Co. v. Champ-*

*lin Petroleum Co.*, 641 F.2d 984, 991–92 (D.C.Cir. 1980), where the court found that an uncontroverted affidavit from the defendant's general counsel, which stated that its expert had been

Plasma has also failed to show that it has suffered any harm as a result of Dr. Kuwano's contact with Drs. Pankove and Wronski. Although Plasma says Dr. Pankove will not appear for it now, it has not disputed Sanyo's contention (supported by an attached letter) that Dr. Pankove would not have been able to testify on behalf of Plasma due to reasons having nothing to do with Sanyo. Sanyo has pointed to no other damage suffered by it. Its motion for sanctions is therefore denied.

David C. Thomas, Law Offices, IIT Chicago–Kent College of Law, Chicago, Ill., for plaintiffs.

Linda A. Wawzenski, Asst. U.S. Atty., Chicago, Ill., for defendants.

specially employed in anticipation of litigation, established that the expert was within the ambit of Rule 26(b)(4). Plasma, in contrast, has offered no support for its allegation that its experts' opinion were developed in anticipation of litigation.