See also 139 F.R.D. 682.

**Eric HAWKINS; State Compensation Insurance Authority, Plaintiffs,**

v.

**SOUTH PLAINS INTERNATIONAL TRUCKS, INC., a Delaware Corporation, Defendant.**

Civ. A. No. 90–S–1749.

United States District Court, D. Colorado.

Nov. 12, 1991.

Stephen J. Baity, Steve L. Heisdorffer, Weller, Friedrich, Ward & Andrew, Denver, Colo., for defendant.

Jack C. Helgesen, Lyon Helgesen, Waterfall & Jones, Ogden, Utah, T. Michael Carrington, Denver, Colo., for plaintiff Eric Hawkins.

Thomas R. Dolven, Hall & Evans, Denver, Colo., for plaintiff State Compensation Ins. Authority.

## ORDER

RICHARD M. BORCHERS, United States Magistrate Judge.

THIS MATTER comes before the Court pursuant to the special order of reference by the assigned District Judge Daniel B. Sparr for resolution of Defendant's motion for order permitting expert discovery.

This dispute arises from an underlying personal injury suit. Plaintiff Eric Hawkins was injured on or about October 4, 1988 while working for Al's Hot Oil Service. He was servicing a 1983 International Harvester truck equipped with a "Rush About" hot oil unit. He contends: 1) that the original guard on the viking pump drive shaft was defectively designed and manufactured, that the original guard unit was defective and unreasonably dangerous, and that Defendant is liable for any strict liability claim against the manufacturer under Colorado product liability law; and 2) that Defendant negligently marketed and sold the subject hot oil truck and that Defendant breached an implied warranty of merchantability. He seeks monetary damages from Defendant. Plaintiff State Compensation Insurance Authority (SCIA) seeks recovery from Defendant of approximately $160,000 in worker's compensation benefits which it has paid to Plaintiff Hawkins.

Plaintiffs have retained Mr. Robert D. Schliem of Fay Engineering as an expert witness. Mr. Schliem's opinion is that the factory installed guard was defective because the guard in itself constituted a hazard. (*See* Exhibit B to Defendant's motion). Defendant now seeks to discover the opinions and bases for opinions of Mr. Schliem in other projects involving guards. Defendant also seeks to discover the income Mr. Schliem has received as an expert witness.

Plaintiffs agree that some expert discovery should be permitted. They contend, however, that Defendant's requests are overbroad and unreasonable. Specifically, they object to the following requests:

3. Please provide all engineering or scientific writing which Bob D. Schliem read, considered or relied on in reaching his opinions.

6. Please produce the Fay Engineering file for each of the petroleum pipeline projects/cases enumerated by Bob D. Schliem in Exhibit 42 to his Deposition and attached as Exhibit A to this Request for Production of Documents. If you claim this material is protected by a right to privacy, please delete the names of any individual, corporation, or other business entity.

7. Please produce the Fay Engineering files involving a meat conveyor and crushing machine Bob D. Schliem referred to in his deposition as cases he handled for Hall & Evans involving safety guards. If you claim this material is protected by a right to privacy, please delete the names of any individual, corporation, or other business entity.

8. Please produce the Fay Engineering files involving guards on a grain cart and a grain elevator referred to by Bob

Schliem in his deposition. If you claim this material is protected by a right to privacy, please delete the names of any individual, corporation, or other business entity.

9. Please produce each Fay Engineering file in which Bob D. Schliem provided expert opinions in the design, manufacture, warnings, or inspection of guards over any type of oil and gas equipment, construction equipment, agriculture equipment, production equipment, trucks, pumping equipment, or drive lines or u-joints. If you claim this material is protected by a right to privacy, please delete the names of any individual, corporation, or other business entity.

13. Please produce the W–2 or income tax returns for Bob D. Schliem for the years 1980 through 1991. In the alternative, please list Mr. Schliem's income from Fay Engineering for the years 1980 through 1991.

■ Request number three is vague and overbroad. It appears to call for the production of all the engineering or scientific writings which Mr. Schliem has read during his career in engineering. It would be virtually impossible to identify and produce all such material. Plaintiffs have agreed to comply with the request to the extent that it calls for specific documents or scientific writings reviewed for this case. Plaintiffs' approach seems to be appropriate. Defendant's motion, therefore, is granted as to request number three, but only to the extent that it seeks specific writings or documents which Mr. Schliem reviewed for this case.

■ Request numbers six through nine deal with guard projects with which Mr. Schliem was involved in the past. The facts which Defendant seeks to discover are not those developed in anticipation of this litigation. Rather, in his deposition, Mr. Schliem indicated that he relies primarily on his work experience and experience as an expert witness in similar cases as a basis for his expertise in this case. (*See* Deposition attached as Exhibit C to Defendant's motion, pp. 134–35). Defendant seeks to obtain information as to Mr.

Schliem's experience prior to being retained by Plaintiffs. Such information is clearly relevant. *See Norfin, Inc. v. IBM Corp.,* 74 F.R.D. 529 (D.Colo.1977).

Furthermore, it appears that the only way Defendant may obtain this information is through a request for production of documents. Defendant already has deposed Mr. Schliem who was unable to recall any of the specifics of projects he worked on in the past. (*See* Deposition attached as Exhibit C to Defendant's motion). Mr. Schliem did testify that the information he could not recall is available from Fay Engineering files. (*See* Deposition at 33, 34, 121, 128, 131 and 133). Plaintiffs should produce these files so that Defendant can obtain information as to Mr. Schliem's prior experience.

■ Plaintiffs claim that producing the requested documents will be costly and time consuming. Thus, the Court will direct that at the conclusion of Defendant's discovery in this matter that Plaintiff shall submit a statement of costs or expert witness fees relative to Mr. Schliem, together with what it considers a fair and reasonable contribution to fees and costs by Defendant. Defendant shall have an opportunity to respond to Plaintiff's statement. The Court will determine what amount of fees and costs should be apportioned to Defendant after the merits of the case are determined.

■ Request number thirteen deals with the income that Mr. Schliem has earned in his capacity as an expert witness. Defendants seek product of Mr. Schliem's tax returns or, alternatively, a statement of his income from Fay Engineering. Defendant argues that such information is discoverable for purposes of impeachment. Because there is a public policy against the unnecessary disclosure of income tax returns, several courts have adopted a two-prong test to aid them in the determination of the appropriate circumstances in which to order the production of tax returns. The test requires: 1) a finding that the returns are relevant to the subject matter of the action; and 2) there is a compelling need for the tax returns, because the infor-

mation is not otherwise readily obtainable. *See S.E.C. v. Cymaticolor Corp.* 106 F.R.D. 545, 547 (S.D.N.Y.1985); *Eastern Auto Distributors, Inc. v. Peugeot Motors of America, Inc.,* 96 F.R.D. 147 (E.D.Va. 1982).

■ "Relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Miller v. Doctor's General Hospital,* 76 F.R.D. 136, 138–39 (W.D.Okla.1977). In the present case, the returns may be relevant to the issue of impeachment and the expert's credibility and, therefore, are relevant to the subject matter of the action. Thus, the first prong of the test is met.

■ Defendant has failed, however, to meet the second prong of the test—that there is a compelling need for the tax returns because the information is not otherwise readily obtainable. In fact, Defendant concedes that Mr. Schliem's tax returns are not the only source of the information it seeks. If Plaintiffs cannot or will not produce the tax returns, Defendant asks that they produce information as to Mr. Schliem's income at Fay Engineering. Defendant does have the right to cross-examine an expert witness concerning fees earned in prior cases. *See Collins v. Wayne Corp.,* 621 F.2d 777, 783 (5th Cir. 1980). Thus, although Plaintiffs are not required to produce Mr. Schliem's tax returns, they must produce information regarding Mr. Schliem's income at Fay Engineering or allow him to be further deposed concerning his income.

IT IS THEREFORE ORDERED that Defendant's motion for expert discovery as to request number three is granted, but only to the extent that it requests production of documents which Mr. Schliem reviewed in preparation for this case; and

IT IS FURTHER ORDERED that Defendant's motion for expert discovery as to request numbers six through nine is granted; and

IT IS FURTHER ORDERED that Plaintiffs shall prepare a statement of costs incurred in complying with requests six through nine, delineating what portion of these costs should be apportioned to Defendant. Defendant shall respond to this statement. The Court will determine the appropriate amount of costs to be apportioned to Defendant after the merits of the case are determined; and

IT IS FURTHER ORDERED that Defendant's motion for expert discovery is denied as to the portion of request number thirteen which requests production of Mr. Schliem's tax returns; and .

IT IS FURTHER ORDERED that Defendant's motion for expert discovery is granted as to the portion of request number thirteen which requests information regarding Mr. Schliem's income at Fay Engineering, and Defendant's are granted permission to again depose Mr. Schliem if information concerning his income is not voluntarily produced.