In re George W. BURCH, Debtor.

Susan Weller BURCH, Appellant,

v.

George W. BURCH and Virginia National Bank, Appellees.

Civ. A. Nos. N 83–2656, N 83–1729. Bankruptcy No. 81-2-1244. Adv. No. 81-1341.

United States District Court, D. Maryland.

Oct. 28, 1983.

---

Duncan W. Keir, Timothy L. Mullin, Jr. and Miles & Stockbridge, Baltimore, Md., for appellant.

Gerard R. Vetter, William L. Hallam, Richard M. Kremen, and Semmes, Bowen & Semmes, Baltimore, Md., for appellee George W. Burch.

Katherine D. Morrison, and Bean, Kinney, Korman & Hylton, Arlington, Va., and Howard A. Rubenstein, and Goldstein, Rubenstein & Sher, Baltimore, Md., for appellee Virginia Nat. Bank.

## MEMORANDUM

NORTHROP, Senior District Judge.

On November 12, 1981, appellant, Susan Weller Burch, filed a Complaint to Determine Dischargeability of a Debt, or, in the Alternative, for a Declaratory Judgment, against George W. Burch and Virginia National Bank. In essence, she alleged that her signature on a guaranty of the indebtedness of George Burch to Virginia National Bank was a forgery.

During discovery, Virginia National stated that the original guaranty was lost and only photocopies were available for inspection.[1] Through interrogatories Virginia National stated that, at trial, it expected to call an expert witness in regard to the

---

1. As certain methods of forgery are undetectable from a copy, appellant was aware that testimony to that effect, admitted either on cross-examination or through a rebuttal expert, should be brought to the attention of the fact finder.

authenticity of appellant's signature. It is uncontested that appellant was aware that Virginia National fully anticipated calling an expert witness. At issue here is the significance of the following interrogatory propounded by George Burch to Susan Burch and her response thereto:

Interrogatory No. 8:

Identify every person whom you expect to call as an expert witness at trial in this matter, and as to each such person, set forth in detail the subject matter on which the witness is expected to testify, the substance of the facts and opinion to which the witness is expected to testify and a summary of the grounds for each opinion. State whether or not the witness has prepared or is expected to prepare a written report.

Answer to Interrogatory No. 8:

Irby Todd, examiner of the questioned documents, 2560 Glen Cove, Annapolis, Maryland 21401. No written report has been received. [Appellee received an unexecuted copy of this answer on March 18, 1983, eleven days before trial.]

After an informal request by counsel for George Burch, appellant refused to provide the balance of information requested on the grounds that her expert, Mr. Todd, was to be called only as a rebuttal witness. Counsel for George Burch filed a Motion for Discovery Sanctions. On March 28, 1983, the Court imposed upon appellant $200 in attorney fees to cover the reasonable expenses incurred because of appellant's failure to answer Interrogatory No. 8. As a further sanction, the Court prohibited appellant from calling Mr. Todd as the expert witness. Appellant's Motion for Reconsideration was heard and denied on March 29, 1983. After trial on March 29, 1983, the Court, in an oral opinion, found that Susan Burch did indeed sign the guaranty agreement and accordingly, granted judgment to the defendants. Appellant filed a timely appeal from these orders. (Civil Action No. N 83–1729). On April 29, 1983, the Bankruptcy Court entered findings of fact and conclusions of law and an order consistent with its bench ruling. Appellant noted a timely appeal to this Order. (Civil Action

No. N 83–2656). As these appeals arose out of the same findings of the Bankruptcy Court and involve substantially identical legal and factual issues, this Court, on October 25, 1983, entered an Order consolidating the appeals.

Important to this appeal is that the Bankruptcy Court's decision was not based upon the expert testimony proffered by appellees, but rather upon findings of fact unrelated to that testimony: "I will say the reason I believe she signed it is because in June of '79 she did not deny signing it and in fact acknowledged signing something on that date." (Transcript of Oral Decision of James F. Schneider, J., March 29, 1983, at 30–31). Thus, the ultimate conclusions were based on an assessment of the credibility of the witnesses.

On appeal, Susan Burch argues that she was under no legal obligation to further answer Interrogatory No. 8, and thus the sanctions imposed were inappropriate. She asserts that the exclusion of Mr. Todd at trial resulted in a decision based on unreliable testimony and therefore a new trial should be granted.

The decision below rested on grounds other than those to which appellant objected, and those grounds are sufficient to uphold the decision. Nevertheless, it is necessary to address appellant's contentions as the validity of the sanctions depends on the validity of appellant's objection to Interrogatory No. 8.

### Discovery of Expert Rebuttal Witnesses

■ Appellant's main argument is that an expert retained for use as a rebuttal witness is one "not expected to be called as a witness at trial" and falls within FED.R. CIV.P. 26(b)(4)(B). Appellant thus distinguishes between persons retained as expert witnesses and those retained as expert *rebuttal* witnesses. Appellant contends that the former fall within FED.R.CIV.P. 26(b)(4)(A)(i) and may be required to state, *inter alia,* the subject matter, facts and opinions of their expected testimony. A rebuttal witness, argues appellant, need only reveal facts and opinions upon a showing of exceptional circumstances. *See*

FED.R.CIV.P. 26(b)(4)(B). The Bankruptcy Court did not specifically address this issue. Rather, it concluded that "whether he is designated as a witness to be called during the case-in-chief or one to be called as a rebuttal witness, the Rules must be obeyed." (Motion for Discovery Sanctions, Oral Opinion of Schneider, J., March 28, 1983).

Whether an expert rebuttal witness is *ipso facto* an expert "not expected" to be called at trial is a question of law. As such, this Court is not bound by any determination made by the Bankruptcy Court, but is free to make its own legal deductions. *In re Fett Roofing and Sheet Metal Co., Inc.*, 438 F.Supp. 726 (E.D.Va.1977), *aff'd*, 605 F.2d 1201 (4th Cir.1979).

▆ Appellant perceives a significant distinction between the phrase "expects to call" and the alternative, "may call." She asserts that "expects to call" is in the Rules because it connotes an expert one considers "highly probable" to be called at trial. "May call," on the other hand, connotes a witness one has the ability to call but suggests nothing about the likelihood that such witness will, in fact, be called. Whether a rebuttal witness is called to the stand, argues appellant, is contingent on the testimony given by an opponent's experts. Therefore, a party does not expect to call the rebuttal expert and can only make such a determination at the actual trial.

Several flaws mar this argument. First, another court in this district has stated that the difference between "expects to call" and "may call," is not one of significant degree:

> The phrase "expects to call" has been chosen rather than the term "may call" because the latter phrase "expects to call" will be interpreted broadly, to achieve the purpose of the ruling, which is to make available to each party a reasonable time before trial of the facts, the opinions and reasons for the opinions of

the experts whom his opponent will call at the trial, so that a party may adequately prepare for cross-examination of his opponents' experts.

*Knighton v. Villian & Fassio e Compagnia,* 39 F.R.D. 11, 13 (D.Md.1965). In keeping with *Knighton*,[2] the Advisory Committee's Notes to Rule 26 state that subdivision (b)(4) was needed to insure effective cross-examination and rebuttal.

A second and related point is that to adopt appellant's narrow construction of the Rules would be contrary to the purpose of the rules regarding discovery of experts. These rules were adopted to reverse any trend in the case law to narrow discovery as to experts:

> ... a prohibition against discovery of information held by expert witnesses produces in acute form the very evils that discovery has been created to prevent. Effective cross-examination of an expert witness requires advance preparation .... Similarly, effective rebuttal requires advance knowledge of the line of testimony of the other side. If the latter is foreclosed by a rule against discovery, then the narrowing of issues and diminution of surprise which discovery normally produces are frustrated.

Advisory Committee Notes to Rule 26(b)(4). It would defeat both the express policy and the spirit of the Rules to treat rebuttal experts differently than those used in a party's case-in-chief.

Finally, to hold that a rebuttal expert is one "not expected to be called" would be to open a floodgate for abusive and dilatory tactics. Any party could argue that an expert who intended to take the stand for purposes of rebuttal only, might be called but was not certain, or "expected" to be called. Effective discovery of expert witnesses would thus be frustrated. This Court finds that neither case law nor logic support appellant's position.[3]

---

**2.** *Knighton* is discussed in the Advisory Committee's Notes and was substantially adopted by subsection (b)(4).

**3.** Even assuming, *arguendo*, that a rebuttal expert was one "not expected to be called," Mr. Todd was admittedly hired for the purpose of

appearing at trial to rebut, if necessary, the expert testimony proffered by Virginia National. Under the circumstances, appellant could reasonably have expected to call Mr. Todd to testify. Expectation does not connote absolute certainty.

*Validity of Sanctions Imposed by Bankruptcy Court*

Having ruled that Rule 26(b)(4)(A)(i) was applicable to appellant's expert, it is now possible to decide whether the Court abused its discretion by imposing sanctions against Susan Burch. Such action by the Bankruptcy Court will be upheld unless "clearly erroneous." Federal Bankruptcy Rule 810.

Appellant argues that she was prejudiced because as a result of the exclusion of her expert, the Bankruptcy Court rendered a decision based on the erroneous impression left by unrebutted testimony of appellees' experts. This contention is without merit. Since the testimony appellant proposed to offer through Mr. Todd came in on cross-examination, appellant could not have been prejudiced. More important, though, the Bankruptcy Court expressly indicated that its decision was based on factors unrelated to the expert testimony. Appellant's arguments fall far below the standard of clear error and she cannot prevail on this argument.

Likewise, appellant's argument with regard to the award of attorney's fees must fail. The Bankruptcy Court acted within its discretion and appellant has not met its burden of proving otherwise. *See,* FED.R. CIV.P. 37(d).

*Request for New Trial*

This Court has determined that the Bankruptcy Court's exclusion of appellant's expert witness was not unwarranted. It has also ruled that the decision of the Court rested on factual determinations unrelated to the expert testimony. Having so decided, the request for a new trial is unjustifiable and is hereby denied.

For the above-mentioned reasons, the decision of the Bankruptcy Court is hereby affirmed. A separate Order will confirm the decision set forth herein.