**Barry LeBARRON**

v.

**HAVERHILL COOPERATIVE SCHOOL DISTRICT, et al.**

Civ. No. 87–186–D.

United States District Court, D. New Hampshire.

Jan. 25, 1989.

McLane, Graf, Raulerson & Middleton by Jack B. Middleton, by Charles W. Grau, Manchester, N.H., James F. Allmendinger, Concord, N.H., for plaintiff.

Bradley F. Kidder Law Offices by Edward E. Lawson, Laconia, N.H., Ransmeier & Spellman by Timothy E. Britain, Concord, N.H., Phenix Mut. Fire Ins. Co., James S. Yakovakis, Manchester, N.H., for defendants.

### ORDER

DEVINE, Chief Judge.

In this civil rights action, 42 U.S.C. § 1983, plaintiff Barry LeBarron alleges

---

that the Haverhill Cooperative School District ("Haverhill") refused to renew his teaching contract in retaliation for his activities with the teacher's union. LeBarron asserts that Haverhill's actions violated his First Amendment rights to free speech and association. Jurisdiction is founded on 28 U.S.C. § 1343.

At issue is the Magistrate's November 7, 1988, Order which prohibits the plaintiff from presenting evidence offered by Professor John A. Lawson, an expert witness. Initially, neither party to the instant action expressed an interest in employing expert testimony. But on July 18, 1988, ten months after the parties submitted their list of proposed witnesses to Magistrate Barry, defendants informed plaintiff's counsel that Nathaniel Ober would be called as an expert witness.[1] On the same day, defendants supplied plaintiff with Mr. Ober's curriculum vitae and a copy of Mr. Ober's report.

Plaintiff decided to retain its own expert to review his report. On August 1, 1988, plaintiff filed a motion to extend discovery deadlines so he could locate an appropriate expert. The Magistrate granted plaintiff's motion and set September 1, 1988, as the new deadline for plaintiff to disclose his expert's identity, credentials, and report.

On September 1, plaintiff filed with the Court a brief disclosure document which provided the names of two expert witnesses, Dr. Jack Lawson and Dr. Leonard Tashman. In pertinent part, that document noted that no reports had yet been received from either of the two experts, but "[t]he plaintiff expects to receive reports from his experts within the next two weeks and will provide said reports to the defendants as soon as possible." On the same day, plaintiff's counsel contacted defendant's counsel to ask for an extension of time. Defendants agreed to extend plaintiff's expert

disclosure and report deadline to September 15.

On September 15, plaintiff filed with the Court a second disclosure document. It identified "Professor John A. Lawson" as an expert witness—one sentence described Professor Lawson's position with the state Department of Education; one paragraph described, in general terms, the substance of Professor Lawson's testimony.

> Professor Lawson is a Professor of Education at the Department of Education of the University of New Hampshire. Professor Lawson is expected to give expert testimony concerning the justification for the Department's alleged Reduction in Force that resulted in the non-renewal of the Plaintiff. He may address other issues presented in the opinion and deposition of Nathaniel Ober, and other issues which may arise during trial. Professor Lawson's testimony will be based on documents provided by the parties, responses to discovery, testimony of witnesses, exhibits introduced at trial, and his knowledge and experience concerning enrollment, determination of teacher levels, and public school finance and administration.

Defendant's Motion to Exclude Expert, Exhibit B. No report was provided by plaintiff, who now takes the position that no report was required of Professor Lawson since the subject of his testimony would be the report issued by defendants' expert, Nathaniel Ober. Because Professor Lawson would present no new facts, only an opinion about facts provided by Mr. Ober, plaintiff reasons that no report is required.

Defendants thereafter filed a motion to exclude Professor Lawson's testimony for violation of Rule 26(b)(4), Fed.R.Civ.P.[2] Magistrate Barry granted defendants' motion on the basis that plaintiff's disclosure statement "does not comply with either the

---

1. Defendants assert that their decision not to renew plaintiff's contract was based on financial concerns, not plaintiff's union activities. Mr. Ober will testify that the drop in student enrollment necessitated a reduction in staff.

2. In pertinent part, Rule 26(b)(4)(A)(i) states:

> A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

spirit or the letter of what is required by this Court." Pursuant to 28 U.S.C. § 636(b)(1)(A), plaintiff appeals the Magistrate's Order.

*Discussion*

Plaintiff argues that the Magistrate's Order must be reversed for three reasons: (1) disclosure of an expert's report is not required where, as here, there is no report to disclose; (2) without an order to compel discovery, Rule 37, Fed.R.Civ.P., the motion to exclude should not have been issued; (3) the sanction of exclusion is unnecessarily harsh. The Court is empowered to reconsider an order by the Magistrate "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because plaintiff has not convinced the Court that the November 7, 1988, Order was either erroneous or contrary to law, that Order is affirmed.

■ First, the Court finds no fault with the Magistrate's conclusion that plaintiff's disclosure is legally inadequate. Pursuant to Rule 26, Fed.R.Civ.P., parties offering evidence through expert witnesses are required to identify each expert the parties expect to call, to state the subject matter on which the expert will testify, and to state the substance of the facts and opinions to which the expert will testify and a summary of the grounds for each opinion. *See* Rule 26(b)(4)(A)(i), Fed.R.Civ.P. Plaintiff did identify his expert, and he did state generally the subject matter on which the expert was expected to testify, but no information concerning the substance of the expert's testimony or the grounds upon which that testimony would be based has been disclosed.

The disclosure requirements contained in Rule 26 embody the underlying principle that animates modern discovery doctrine: the parties should be allowed to obtain "the fullest possible knowledge of the issues and facts before trial." 8 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2001, at 13 (citing *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). The Court agrees with the Magistrate that the proffered disclosure did not comport with the "spirit" of the modern rules governing discovery.

Plaintiff strenuously asserts that Rule 26(b) does not expressly require a disclosure of expert reports. And, plainly, in this he is correct—Rule 26(b) does not expressly require a disclosure of expert "reports". A close reading of the Magistrate's Order, however, reveals that the Magistrate did not grant defendants' motion to exclude because plaintiff failed to provide the promised report. The motion was granted because the Magistrate found the disclosure presented by the plaintiff to be inadequate. Thus, plaintiff's first argument must fail.

■ Second, plaintiff argues that the Magistrate can only impose the sanction of exclusion after granting a motion to compel discovery. Rule 37, Fed.R.Civ.P. The Court cannot agree. In pertinent part, Rule 37(b)(2) provides as follows:

If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

. . . .

(B) An order ... prohibiting [the disobedient party] from introducing designated matters in evidence.

The plain language of Rule 37(b)(2) authorizes sanctions for failure "to obey an order to provide or permit discovery." Such an order was issued by the Clerk on August 3, 1988, granting plaintiff's motion to extend discovery for the limited purpose of permitting the plaintiff to "retain an expert to review and analyze Mr. Ober's report." Failure to obey the order constitutes a violation of Rule 26(b)(4) for which the sanctions of Rule 37 serve as an appropriate remedy. A motion to compel is not a prerequisite to enforcement of a pretrial discovery order. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1975); *G–K Properties v. Redevelopment Agency, Etc.*, 577 F.2d 645, 647 (9th Cir. 1978).

Finally, plaintiff asserts that the sanction imposed by the Magistrate is unduly harsh. Without question, an order that prevents a party from producing witnesses is harsh. But the Court, and the Magistrate acting on the Court's behalf, is vested with the discretion to admit or exclude testimony. *Salem v. United States Lines Co.*, 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 313 (1962); *Apostol v. United States* 838 F.2d 595, 599 (1st Cir. 1988); *see also Petroleum Ins. Agency v. Hartford Acc. & Indemnity Co.*, 106 F.R.D. 59, 69 (D.Mass.1985) (Collings, Mag.). Although the harsh sanction of excluding evidence is most clearly appropriate where bad faith is in issue, *e.g., Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir.1980); *Penthouse Int'l Ltd. v. Playboy Enterprises*, 663 F.2d 371 (2d Cir. 1981), it is nonetheless available as a remedy whenever parties fail to follow discovery orders.

An almost identical issue was presented in *In re Burch*, 38 Fed.R.Serv.2d 263 (D.Md.1983). In that case, appellant Sarah Burch failed to adequately answer an interrogatory that asked her to identify her proposed expert witness and "set forth in detail the subject matter on which the witness is expected to testify, the substance of the facts and opinion to which the witness is expected to testify and a summary of the grounds for each opinion." *Id.* at 264. Ms. Burch provided the following answer:

> Arby Todd, examiner of the questioned documents, 2560 Glen Cove, Annapolis, Maryland 21401. No written report has been received.

The bankruptcy court found the answer insufficient and prohibited Ms. Burch from presenting her expert. In addition, the court levied a fine of $200 against Ms. Burch. These sanctions were upheld on appeal. *Id.* at 266.

*In re Burch* plainly supports the result reached here: Exclusion is an appropriate sanction when the party offering an expert witness fails to provide necessary information about that expert's proposed testimony.

Accordingly, for the reasons cited above, plaintiff's appeal from the Order of the Magistrate granting defendants' motion to exclude expert witness John Lawson (document no. 62) is denied.

SO ORDERED.