Ricciardi v. Sylvester                    CV-94-101-L   04/07/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Tina Marie Ricciardi


     v.                                    #C-94-101-L

Sylvester Sheet Metal Corp, et al.



## ORDER

Before the court are three motions for the court's consideration.  The first is a motion, submitted by plaintiff, for clarification and to compel answers to an interrogatory.  Doc. 30.  The second motion, submitted by defendants, seeks to compel production of plaintiff's medical records.  Docs. 22, 24 and 26.  The third motion, submitted by defendant Henry Sylvester, seeks to exclude plaintiff's expert testimony.  Doc. 29.

BACKGROUND

The plaintiff was employed as a welder at the Sylvester Sheet Metal Corporation from July 11, 1989 until March 6, 1991. Except for the secretary, the plaintiff was the only female worker for the corporation.  During her time of employment at the Sylvester Sheet Metal Corporation, plaintiff alleges she was the victim of sexual harassment.  Specifically, plaintiff maintains the defendants engaged in behavior which created a hostile

environment and that during the course of her employment she received a lower pay raise than the male welders because of her gender status.

As indicia of her claim for sexual harassment, the plaintiff alleges that John Jay Sylvester frequently used obscene language in the presence of the plaintiff and Mike Sylvester frequently requested that the plaintiff try on a bikini which he kept in his desk. The most egregious allegations made by the plaintiff are against Henry Sylvester. The plaintiff claims Henry Sylvester made repeated suggestions that he was interested in having a sexual relationship with the plaintiff, despite her statements to the contrary. The plaintiff alleges Henry Sylvester's behavior went so far as to include a trip to her home in the middle of the night and an incident in which he pursued the plaintiff throughout the building, cornered her and grabbed her around the waist only to release her when another employee entered the room. The plaintiff also maintains that on September 13, 1990 Henry Sylvester stalked her in his truck, and such action eventually resulted in police intervention. The plaintiff asserts that she informed Mike Sylvester of the various incidents involving Henry Sylvester, but such reporting was of no avail.

On March 6, 1991, Mike Sylvester terminated plaintiff's employment at the corporation, stating the amount of work

2

performed by her had decreased and was less than adequate. The plaintiff filed suit against defendants on March 4, 1994, claiming violations of the Civil Rights Act of 1964, the Equal Pay Act, the Fair Labor Standards Act as well as pendent state law claims. There are five defendants named in this action: Sylvester Sheet Metal Corporation; Mike Sylvester, President and shareholder of Sylvester Sheet Metal Corporation; Glenn Sylvester, John Jay Sylvester and Henry Sylvester all of whom were shareholders of Sylvester Sheet Metal Corporation and employees with supervisory responsibility.

I.   Motion for clarification and to compel answers (Doc. 30)

In interrogatories, dated May 16, 1994, submitted to Mike, John Jay, and Glenn Sylvester, plaintiff asked the following:

> Do you have any knowledge of Henry (Buzz) Sylvester ever abusing alcohol (for example, drinking during working hours or drinking inordinate amounts), using controlled substances of any sort, or exhibiting any other irresponsible or inappropriate behavior?  If so, provide the following:
>
> a)   The exact dates and nature of such behaviors,
> b)   The names, addresses and affiliations of any other persons who might have knowledge of, or witnessed such behaviors,
> c)   The dates, times, locations, nature and content of any conversations that you know of, or took part in, at all relevant to such behaviors, and the names, addresses, and affiliations of any person(s) who either witnessed or took part in such conversations.

In response to plaintiff's interrogatory, defendants objected to the question and claimed the interrogatory was not likely to lead to the discovery of admissible evidence and would result in invasion of privacy rights. Subsequent to defendants' failure to respond to the interrogatory, plaintiff filed a motion to compel.

By order dated November 14, 1994 this court addressed certain discovery matters raised by plaintiff, including the particular interrogatory now at issue. In addressing the interrogatory requesting information pertaining to Henry Sylvester's use of alcohol and controlled substances, this court held that

> [p]laintiff's complaint and motion to compel both specifically and factually allege knowledge on the part of the three defendants of Henry Sylvester's alcohol use and the effect his use had on the workplace environment.

Doc. 20.

Plaintiff now moves for a motion for clarification of the November 14, 1994 order. Specifically, plaintiff maintains defendants have reworded the interrogatory to exclude any reference to use of controlled substances by Henry Sylvester. Plaintiff seeks to compel defendants to provide information relating not only to Henry Sylvester's alcohol use, but also concerning any use of controlled drugs by him.

4

Within the November 14, 1994 order, this court alluded to the fact that plaintiff's pleadings are barren of any indications of controlled substance use by defendants Mike, John Jay and Glenn Sylvester. Likewise, although plaintiff did specifically allege facts pertaining to Henry Sylvester's use of alcohol, there were no allegations or references pertaining to Henry Sylvester's use of controlled substances. This being the case, it was and continues to be the intendment of this court to limit fishing expeditions during the discovery process. Most notably, an interrogating party "ought not to be permitted to use broadswords where scalpels will suffice, nor to undertake wholly exploratory operations in the vague hope the something helpful will turn up." Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 187 (1st Cir. 1989). Discovery will be allowed into matters which are reasonably averred within pleadings, but will not be allowed in instances where the information requested is based on nothing more than generalities, suppositions or premonitions. See Le Barron v. Haverhill Cooperative School Dist., 127 F.R.D. 38, 40 (D.N.H. 1989).

Therefore, as there are no indications or allegations within plaintiff's pleadings that Henry Sylvester used controlled substances or that such use may have contributed to plaintiff's sexual harassment or wrongful termination, plaintiff's request to

5

compel defendants to provide answers to the interrogatory in question is denied. Allowing such broad discovery into matters which were not sufficiently alluded to within pleadings would have a potential effect akin to letting a sideshow take over a circus.

Plaintiff's motion for clarification and to compel answer to interrogatory (Doc. 30) is denied.

II. Motion to compel medical records (Docs. 22, 24 and 26)

Defendants propounded interrogatories, dated October 7, 1994, to plaintiff requesting information and documentation concerning plaintiff's emotional distress and medical history. Specifically, defendants requested the name and address of health care providers seen by the plaintiff previous to and following the alleged sexual harassment. The interrogatories also requested plaintiff to complete medical authorizations for each provider identified.

Plaintiff objected to defendants' requests, maintaining the interrogatories are overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

Defendants now contend that as a result of plaintiff putting both her physical and mental health at issue, the medical records requested are within the realm of permissible discovery.

6

The underlying purpose of the "modern discovery doctrine" is to allow parties to obtain "the fullest possible knowledge of the issues and facts before trial." Le Barron, 127 F.R.D. at 40 (citing 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2001 at 13). Fed. R. Civ. P. 26(b)(1) was added to tailor discovery to the issues involved in the particular case and prevent over discovery. See Mack, 871 F.2d at 187 (citing Fed. R. Civ. P. 26 advisory committee's notes (1983 amendments)). A "court should develop the parameters of . . . discovery . . . by carefully weighing the interests involved, balancing the importance of [any] privilege asserted against the defending party's need for the information to construct its most effective defense." Greater Newburyport Clamshell Alliance v. Public Service Co., 838 F.2d 13, 20 (1st Cir. 1988). In weighing all interests involved, a court must consider the relevance of the requested information and whether the information will aid in the defense of the case. Id.

Against the aforementioned backdrop, New Hampshire law recognizes the importance of a physician-patient privilege. Specifically, RSA 329:26 provides, in pertinent part, that:

> The confidential relations and communications between a physician or surgeon . . . and his patient are placed on the same basis as those provided by law between attorney and client, and, except as otherwise provided by law, no such physician or surgeon shall be required to disclose such privileged communications.

7

N.H. Rev. Stat. Ann. § 329:26 (1994).

Although RSA 329:26 provides substantial protection to patient communications, the physician-patient privilege is "not absolute and must yield when disclosure of the information concerned is considered essential." State v. Kupchun, 117 N.H. 412, 415 (1977); Opinion of Justices, 117 N.H. 386, 388 (1977) ("Even a statutory privilege is not fixed and unbending and must yield to countervailing considerations . . . .") As support for the theory concerning waiver of the privilege, the New Hampshire Supreme Court has noted that "[t]he legislature certainly did not intend to prevent just resolution of such claims by giving the plaintiff the right to deprive the defendant of relevant information." Nelson v. Lewis, 130 N.H. 106, 110 (1987).

Turning attention to the case at hand, within her complaint plaintiff specifically alleges the following:

> As a result of the actions of all Defendants, the Plaintiff suffered loss of employment, wages and benefits, damage to her career and reputation, emotional and physical harm, pain and suffering . . . .

Doc. 1. Emphasis added.

Further, the counts contained within the complaint make repeated mention of mental pain and suffering experienced by the plaintiff and these allegations irrefragably gave rise to plaintiff's prayer for relief for compensatory, enhanced, or punitive damages

8

in the amount of $450,000.00.

Given these facts, it is clear to the court that plaintiff has directly alleged that her emotional and physical well-being were adversely affected by defendants' actions. Thus, plaintiff will not be permitted to avoid defendants' discovery requests pertaining to her mental and physical well-being by asserting a physician-patient privilege. Fundamental to this conclusion, the court accepts the reasoning enunciated in Lowe v. Philadelphia Newspapers, Inc., 101 F.R.D. 296 (E.D.Pa. 1983).

> As long as plaintiff seeks either or both compensatory and punitive damages by reason of physical, mental or emotional harm or distress, defendant is entitled to inquire during discovery of witnesses, including physicians and psychiatrists as to plaintiff's past history whether or not directly related to her job or job performance.

Id. at 298-99.

Other courts have taken a substantially similar approach to that in Lowe. Specifically, "courts and commentators alike have consistently taken the view that when a party places his or her physical or mental condition in issue, the privacy right is waived." Ferrell v. Glen-Gery Brick, 678 F. Supp. 111, 112-13 (E.D.Pa. 1987); see, e.g. Caesar v. Mountanos, 542 F.2d 1064 (9th Cir. 1976), cert. denied, 430 U.S. 954, 97 S.Ct. 1598, 51 L.Ed.2d 804 (1977) (California Evidence Code § 1016 providing for psycho-therapist-patient privilege is waived under the "patient-

9

litigation" exception); <u>Everly v. United Parcel Services, Inc.</u>, No. 89 C 1712, 1991 U.S. Dist. LEXIS 1255, at *2 (N.D. Ill. Feb. 4, 1991) ("Plaintiff has placed her mental condition in controversy by specifically alleging in her sexual discrimination complaint a count on an intentional infliction of emotional distress.")

To recapitulate, this court is extremely cognizant that a plaintiff, wishing to receive the benefits of the judicial system, should not be permitted to impose substantial burdens on the process by withholding information central to or reflective of her claim. In light of the fact that plaintiff has placed directly at issue her mental, emotional or physical health by alleging causes of action involving sexual harassment, intentional infliction of emotional distress, negligence and assault, defendants will be permitted, subject to one caveat, to conduct discovery pertaining to plaintiff's medical history. The one caveat is that defendants may only request information and documentation regarding plaintiff's medical history back to and including the year 1985.

III. Motion to exclude expert testimony (Doc. 29)

Pursuant to Fed. R. Civ. P. 37(b), defendant Henry Sylvester moves to exclude the plaintiff's expert's, Ms. Patricia Isopo,

10

testimony for failure to comply with the Court's Pretrial order regarding expert disclosure. Defendant maintains the plaintiff's failure to comply with the Pretrial order has significantly prejudiced him by denying information including, without limitation, Ms. Isopo's curriculum vitae, treatment records, a complete statement of all applicable opinions, and the grounds therefore. Defendant maintains that today, six months after the deadline, the plaintiff still has not provided adequate disclosure.

Plaintiff counters defendant's motion by maintaining that she did comply with the scheduling order, in good faith, and to the best of her ability.

Without delving into the arguments proffered by the parties, the court notes that discovery in the case is not scheduled to close until May 15, 1995. Thus, with approximately six weeks left to conduct discovery, defendant cannot reasonably maintain he has been prejudiced. After all, there is ample time remaining for the plaintiff to comply, if she has not done so already, and for the defendant to acquire the requested information. At this juncture, the court will not infer or speculate as to whether either party has fully cooperated or acted in good faith during discovery. Within the next six weeks, defendant is entitled to obtain discovery regarding Ms. Isopo's curriculum vitae,

11

treatment records, and various opinions. If, after close of the discovery deadline, defendant still has not received requested information, defendant shall again have the option of filing a motion to exclude plaintiff's expert testimony. Until such time as discovery is closed, the court will be hesitant to involve itself in issues more appropriately resolved by the parties. Absent such court intervention, counsel are encouraged and expected to exercise reasonable restraint in discovery matters and to engage in good faith communications with each other to settle discovery disputes through cooperation and agreement. Counsel also have an obligation to tailor interrogatories to suit the particular exigencies of the litigation.

Accordingly, defendant's motion to exclude plaintiff's expert testimony (Doc. 29) is denied.

CONCLUSION

Subject to the aforementioned discussion, plaintiff's motion (Doc. 30) to compel information pertaining to Henry Sylvester's use of controlled substances is denied.

Further, based on the relationship between the discovery sought by defendants and the allegations set forth in plaintiff's complaint, the defendants' motion (Docs. 22, 24 and 26) to compel information pertaining to plaintiff's medical history is granted

12

subject to the stated caveat.

In relation to defendant's motion (Doc. 29) to exclude plaintiff's expert, the request is denied.

Finally, as to the request for attorney's fees associated with defendants' motion to compel (Doc. 22), the request is denied. Plaintiff's hesitation in providing information reflecting her medical history was with reasonable justification.

April 7, 1995

_____
Martin F. Loughlin
Senior Judge


Bryn N. Pasternak, Esq.
Andrea K. Johnsone, Esq.
Jill K. Blackmer, Esq.

13