Hall v. N.H. Prison                    CV-94-405-L    04/11/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Steven E. Hall

    v.                                    #C-94-405-L

Warden, N.H. State Prison


<u>**ORDER**</u>

Currently before the court are two motions submitted by plaintiff, Steven E. Hall. The first is a motion to compel production of documents. Doc 20. The second is a motion for jury trial. Doc. 22. No objections to either motion have been filed by the defendants.

Plaintiff is an inmate at the New Hampshire State Prison, and brought suit against the defendants claiming he was denied procedural due process at a disciplinary hearing and was denied access to his various legal papers and religious materials.

In seeking discovery in his case, on January 23, 1995 plaintiff filed a request for documents with defendants seeking originals or copies of:

1. Disciplinary reports written by Mike Sokolov, dated March 15, 1994. Hearing case No. 1023-94.

2. Request slip sent to hearings officer Sgt. Wilson concerning tape recording and witnesses dated March 23, 1994.

3. Notice of hearing dated March 22, 1994. Hearing case No. 1023-94

4. Request slip, dated April 7, 1994, to Viola Lunderville

to appeal hearing result of March 25, 1994.

5.     Defendants' log of showers and recreation for J-Tier (punitive segregation) from April 26, 1994 to April 30, 1994.

6.     Defendants' log showing the names of inmates located on J-Tier (punitive segregation) from April 26, 1994 to April 30, 1994.

7.     Disciplinary report written by Cpl. Frank T. Cassidy dated April 26, 1994.  Hearing case No. 94-238.

8.     Hearing decision for case No. 94-238.

9.     Defendants' log showing the reason plaintiff was removed from J-3 and placed in shower area at 2136 hours on April 26, 1994.

10.    Medical progress notes for plaintiff for the day of April 26, 1994.

11.    The notary log for the month of January, 1994 showing legal papers plaintiff had notarized.

12.    Request slips for service of notary during the month of January, 1994.

13.    Medical Prescriptions that were in effect from January, 1994 through March, 1994.

14.    All property receipts from August 20, 1991 through January 20, 1995.

15.    Copies of any and all disciplinary actions that have been taken against defendants for their treatment toward inmates.

16.    Copies of any and all litigation that have been filed against defendants concerning issues presented in this case.


Following the failure of defendants to provide the requested

information, on February 27, 1995 plaintiff filed the instant motion to compel production of documents.

I.    Motion to compel production of documents (Doc. 20)

The underlying purpose of the "modern discovery doctrine" is to allow parties to obtain "the fullest possible knowledge of the issues and facts before trial."  Le Barron v. Haverhill Cooperative School Dist., 127 F.R.D. 38, 40 (D.N.H. 1989) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2001 at 13).  Federal Rule of Civil Procedure 26(b)(1) seeks to tailor discovery to the issues involved in the particular case and prevent over discovery.

Local Rule 11(d) further provides that "[u]nless within ten (10) days after the filing of a motion and memorandum by a party, the other party files written objection thereto with memorandum, he shall be deemed to have waived objection, and the court may act on the motion."

In the case at hand, as defendants have failed to respond to plaintiff's request, the court will properly act on plaintiff's motion.

With respect to requests numbered 1-14, the court opines the documentation sought appears reasonably calculated to lead to the discovery of admissible evidence.  However, as requests numbered

15 and 16 appear not to be limited in time or scope, compliance with these requests would impose an unreasonable burden on defendants.

Based on a review of plaintiff's requests and the issues presented in this case, defendants shall produce documents or information pertaining to plaintiff's requests numbered 1-14 above.

II. Objection to pretrial order dated January 19, 1994 (Doc. 22)

On January 18, 1995 Magistrate Judge William Barry conducted a pretrial conference in relation to plaintiff's suit. As a result of the conference, Magistrate Judge Barry issued a pretrial order stating, inter alia, that the type of trial would be a bench. Plaintiff now objects to the "bench" designation, requesting, instead, that his claims be tried by a jury.

As plaintiff has provided indications, within his complaint, that he seeks relief for his claims in the form of an injunction, compensatory or punitive damages, plaintiff is entitled to a jury trial. See Perez-Serrano v. De Leon-Velez, 868 F.2d 30, 34 (1st Cir. 1989) ("Where a plaintiff seeks both damages and injunctive relief under § 1983, the jury must assess liability as well as damages.")

4

## CONCLUSION

In light of the foregoing discussion, plaintiff's motion to compel production of documents (Doc. 20) is granted in part and denied in part. Further, plaintiff's motion for jury trial (Doc. 22) is granted.

April 11, 1995

_____
Martin F. Loughlin
Senior Judge

Steven E. Hall
Christopher P. Reid, Esq